On the trial, several exceptions were taken by the counsel for the defendant to the decisions of the judge in respect to the admission and rejection of evidence; some of *Page 339 
which were not attempted to be sustained, on the argument here. I shall therefore notice only such as the counsel relied on upon the argument in this court. The first was the exception to the decision of the judge, holding that it was admissible for the counsel for the plaintiff to put into the hands of the witness, Scott, a paper, and to ask him wherein, as he then remembered it, was the report contained therein incorrect. The objection was placed upon the ground that the question was incompetent, but the case does not show the particular ground of the supposed incompetency. On the argument, the ground assumed was, that it called for the testimony of the witness of facts, after having refreshed his memory, by looking at memoranda not made at the time, either by himself or in his presence. It was insisted that the rule was, that a witness could only testify to such facts as were within his knowledge, and that his recollection of the facts could only be refreshed by examining memoranda either made by himself, or in his presence. Although the rule is that a witness in general can testify only to such facts as are within his own knowledge and recollection, yet it is well settled that he is permitted to assist his memory by the use of any written instrument, memorandum or entry in a book, and it is not necessary that such writing should have been made by the witness himself, or that it should be an original writing, provided after inspecting it he can speak to the facts from his own recollection, (Doe v. Perkins, 3 T.R. 749; Henry v.Lee, 2 Chit. Rep. 124; Lawes v. Read, 2 Lew. Crown Cas. 152; 1 Green. Ev. § 436; 1 Phil. Ev. 289; Cow. Hill'sNotes, 750; Lawrence v. Baker, 5 Wend. 301.)
The next exception was to the decision of the judge excluding the evidence offered to prove that the plaintiff had sued the corporation of the city of New-York for crier's fees. The decision, I think, was correct. The fact offered to be proved was wholly irrelevant, and so was the fact offered to be proved that the plaintiff, in January, 1848, applied for admission to practice as an attorney in the supreme court, and the decision upon the objection to the offer of that evidence was therefore right. *Page 340 
On the trial the defendant called Judge Sandford as a witness, who testified that he was the presiding judge at a former trial of this cause, that the witness Scott was sworn as a witness on that trial, that he took notes of his testimony on that occasion, but could not recollect what he testified to, except as he referred to his minutes; that he had his minutes, which were pretty full, but he would not say that they contained the testimony of Scott accurately. That he might have omitted things to which he testified. Upon this, the defendant's counsel offered to read the notes of Judge Sandford, as taken, in evidence. On objection being made, the judge excluded the evidence. I think the decision was right. The notes of Judge Sandford, to show what the witness Scott testified to on the former occasion, ought not to have been read in evidence, especially as he was not able to testify that they contained the testimony of the witness accurately. He did not even testify that he intended to take the testimony accurately, as the witness gave it, or that he believed that he had done so. When a witness has made memoranda in the usual course of business, and whose duty it is to make them, if he cannot verify their accuracy, they cannot be received in evidence before the jury. (Butler v. Benson, 1 Barb. S.C.Rep, 527, 536, and the cases there cited. Moore v. Pearson,
6 Watts Serg. 51.)
There was evidence enough to submit the cause to the jury, and the charge of the judge was clearly right.
The judgment should be affirmed.