Robertson, J.
—I have been unable to find any principle on which to justify the admission of wholesale evidence, prepared out of court without the presence of th'e adverse party, which took place in this case. Plans, maps, drawings and models, are admissible as introductory to testi *197 mony, and as conveying more rapidly and clearly than words, an idea of the subject matter to which the testimony* is to be applied ; but I do not understand that even they are admissible when they undertake to describe the very matter in dispute. If the location of a house or building was in issue, I apprehend a witness could not be allowed to have a map, showing such location, put in his hand, and be asked if that was correct. But, in this case, the witness had drawn up the whole of his evidence out of court, in the form of a long minute statement, and which he was permitted to bring into court, and then testify to its correctness. It is possible, if the building and work remained, a witness might have been allowed to go round and minute down from personal examination the plumbing work in the building, and testify to _ the correctness of the inventory, because that would tend to prove merely the present existence of the work, and it would be a memorandum to supply the defect o'f memory, in case he could not remember; but the statement offered was merely a record of the condition of the memory of the witness of events occurring long previously, aided by the suggestions of the plans, as he acknowledged himself. The state of his memory as to the same facts, on the trial, was not tested, and the memorandum offered was not made at the time of the occurrence of the events, and there was no proof of defect of memory in regard to them; thus coming- directly within the cases of Russell v. The Hudson River Railroad Company, (17 N. Y. R. 134) and Halsey v. Sinsebaugh, (15 N. Y. R. 487, 488.) It is also subject to the same.evils as are so well described in the case of Young v. Catlett, (6 Duer. 442.) There is nothing in the considerations urged as to the multiplicity " of the details, or the length of time to be consumed, and the like, which can take this case out of the ordinary rules of evidence ; indeed, it would be impossible to lay down, any rule for such an exception. The very object of a reference is to hear cases requiring details. If they could be tried in so summary a "manner, they might easily be disposed of before a jury. The attempt to shorten the time *198 has actually increased it, as the case must be referred • back.
The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.
By the Court. Pierrepont, J.
—Drawings, diagrams, plans, models and the like, may be made out of court, and yet be used as evidence oh the trial; but a written statement, made up of words, cannot be made out of court and admitted as the evidence of the witness who is on the stand, if objected to by the adverse party. The reason is obvious. Every one of much experience knows that when statements thus prepared are rejected, and the witness is compelled to testify, his testimony often differs widely from the prepared statement; and that it not unfrequently appears in such cases that the written statement has been shaped by quite another mind, and quite other recollections, than those of the witness who offers it. The adverse party has the right to hear the witness, to observe his manner, and to see, and.to have the jury see, how he appears when giving his testimony. In the case before us, more than sixty folios in consecutive order, written down out of court, are admitted in evidence against the objections of' the adverse party. We think this clearly an error. (Russell v. The Hudson R. R. 17, N. Y. 134; Young v. Catlett, 6 Duer, 442.)
Hoffman, J.—Concurred in granting a new trial.
Ordered accordingly: -