## HALL vs. EARNEST and HAZELETT.

36b 585
62ad114

A promissory note, to be the subject of sale, must be an existing valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties.

A note not valid in the hands of the payee cannot by him be rendered valid by a sale thereof to a bona fide purchaser at a rate of interest exceeding seven per cent. To be the subject of sale, it must have a pre-existing validity. Its breath of life cannot be imparted through a usurious transaction.

The security given to the maker of an accommodation note can have no greater validity than the note itself, and cannot render valid an obligation tainted with usury.

An accommodation note, having in fact, as against the maker, no validity, and never having had any legal inception, is incapable of sale; and one who buys it of the payee takes the precise place of the payee, in respect to the defense of usury, although he purchased the paper in ignorance of its true character, and upon the false representation that it was business paper, and given for value.

If a note is made only for the accommodation of the payee, to enable him to raise money on it, and is sold by him to a third person, for a less amount than upon its face purports to be due thereon, so as to secure to the purchaser a greater rate than seven per cent for the use of his money, the transaction is usurious, and the note is void; whether the purchaser knew, at the time he purchased it, that it was so made, or not.

Turning out a bond and mortgage, to the maker of an accommodation note, merely as collateral security, to be available to him only in case the payee fails to pay the note, will not furnish a valid consideration for the note, or render the same available in the hands of a purchaser to whom it is transferred upon a usurious consideration.

After evidence has been duly taken, bearing upon the issues, on a trial, without objection, the judge at the circuit has no power to strike it out, or to exclude it from the consideration of the jury.

THIS action was brought to recover the balance due upon a promissory note made by the defendants. The defenses relied upon were usury, and that the holder extended the time of payment to the injury of the defendant.

The cause was tried at the Steuben circuit on the 11th day of January, 1859, before the Hon. T. A. JOHNSON and a jury. The defendants on that trial recovered a verdict. The plaintiff moved for a new trial, at a special term, before the same justice, which motion was denied. The plaintiff then appealed to the general term. The facts are as follows: On

the 14th day of March, 1855, one John Earnest, the father of the defendant John J. Earnest, executed his bond and mortgage to his son George W Earnest, for the sum of $650, bearing interest from the first day of April, 1855, for the purpose of raising that sum of money. Failing to raise the money upon the bond and mortgage, he applied to his son John J. Earnest, one of the defendants, to give him his note and take the bond and mortgage. To this John J. Earnest agreed, and the defendant Hazelett agreed to sign the note as surety for the other defendant. About the first of June, 1855, in pursuance of that agreement, the defendants made their promissory note for $650, and dated it back to the time the mortgage began to draw interest, payable to John Earnest, the father of one of the defendants, or bearer, and delivered it to the payee, who at the same time delivered the bond and mortgage to the defendant John J. Earnest, with the promise to have it assigned to him when the grantee in the mortgage came out from Allegany county, where he resided. The grantee came out about the first day of July, 1855, and executed the assignment of the bond and mortgage, and acknowledged the same before a justice of the peace. John Earnest, on the 8th or 9th of June, 1855, sold the note to one Kingsley for $605, at the same time representing it to be given for a valid and valuable consideration. The defendant John J. Earnest afterwards sold and assigned the bond and mortgage to Henry C. Van Duzer, and at the time of the sale represented the bond and mortgage to be "his own," and that "it was all right in every way." There had been some payments made upon the note before the commencement of the action; but the amount admitted to be unpaid thereon was $186.59 at the time of the trial. The defendants attempted to prove, under the third answer, that the holder of the note extended the time of payment, by agreement with the payee, in violation of their rights, but failed to prove any knowledge in the holder that they stood in that relation.

---
Hall *v.* Earnest.
---

*W. Barnes,* for the appellant.

*D. Sunderlin,* for the respondents.

*By the Court,* E. DARWIN SMITH, J. The question was fairly submitted to the jury on the trial of this action, whether the bond and mortgage was sold absolutely to the defendant John J. Earnest, and the note in question, and upon which the action was brought, was received in payment therefor. And the jury was also distinctly advised that if such was the fact, the plaintiff was entitled to recover the balance due on said note, with interest ; and the jury was also distinctly charged that if the said note was made for the accommodation of John Earnest, the payee, and to enable him to raise money on it, it was open to the defense of usury. The jury was also advised that if said note was so made for the accommodation of the payee, and was sold to Kingsley for a less amount than upon its face purported to be due thereon, so as to secure to said Kingsley a greater rate than seven per cent for the use of his money, the transaction was usurious and the note void, whether Kingsley knew it at the time he purchased it, or not. In these particulars the issues of fact, upon which the case depends, were properly submitted, and the rules of law applicable thereto correctly stated to the jury ; and the exceptions thereto are not well taken. The questions belonged to the jury, and the exception taken to the refusal of the circuit judge to charge as requested, that the plaintiff was entitled to recover as matter of law the amount of the note, is not well taken. The exception to that portion of the charge in which the circuit judge stated to the jury " that if they found that the bond and mortgage to John Earnest was turned out to John J. Earnest merely as collateral security, to be available to him only in case John Earnest failed to pay the note, the note was not a valid note in his hands, and if it was transferred to Kingsley upon a usurious consideration, the note was void," is not well taken.

Hall *v.* Earnest.

A promissory note, to be the subject of sale, must be an existing valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties. The doctrine is too well settled to be now questioned, that such a note, not valid in the hands of the payee, cannot by him be rendered valid by a sale thereof to a bona fide purchaser at a rate of interest exceeding seven per cent. To be the subject of such sale, it must have a pre-existing validity. Its breath of life cannot be imparted through a usurious transaction. (*Cram* v. *Hendricks*, 7 *Wend.* 569. 7 *John. R.* 361. 13 *id.* 52. 15 *id.* 44. *Powell* v. *Waters*, 8 *Cowen*, 669.) The security given to the accommodation makers of such paper can have no greater validity than the note itself, and cannot render valid an obligation otherwise tainted with usury. Until the accommodation maker was compelled to pay the note, he could not resort to the bond and mortgage if it were given as a mere collateral security ; and if the note was void and could not be enforced, the security to the maker would necessarily also fall. The fact that indemnity was given to the accommodation maker, did not render the note any the less usurious. The charge was clearly right, on this point. The argument that there can be no usury where there is no corrupt agreement, and that there can be no corrupt agreement to take usury when the party discounting the paper is ignorant that it was merely made for the purpose of raising money thereon, and is in fact informed at the time that it is valid business paper, is not sound if the legal effect of the transaction involves a usurious agreement ; for the law will not allow men to assert their ignorance of the law, or disclaim an intention to do what their express contracts imply. Usury involves no particular moral turpitude. It consists in the violation of a statute forbiding the taking of more than seven per cent on the loan and forbearance of money. There is no special appropriateness in terming such an agreement corrupt, in a civil action. Odious as the taking of usury has ever been, in the

Hall *v.* Earnest.

scale of crime the offense is merely *malum prohibitum*—not *malum in se.* In many cases of decided usury there was not even an intent to evade the statute. In many cases the contracting parties did not suppose, at the time, that they were violating any law; and such I doubt not was this case. Kingsley asked the payee, Earnest, when he purchased the note, what it was given for, and he was told that it was given for a bond and mortgage on the place of Earnest. He asked Earnest at first, he says, before the sale, if it was given for a valuable consideration, and was told in answer that it was. So far as Kingsley was concerned, here was clearly no intention to evade the statute, or to take usury, and he was doubtless deceived and defrauded by Earnest. He supposed he was purchasing business paper, as he lawfully might do, at a discount exceeding seven per cent. He knew, however, that he was stipulating to get more than seven per cent for the use of his money; but he did not intend to make a loan of money, but to purchase a note. The transaction was nevertheless really a loan of money. The note having in fact, as against the makers, no validity, never having had, before such transfer, any legal inception, was incapable of sale; and Kingsley in purchasing it took the precise place of the payee. The money advanced by him became a loan of money upon the note, and such loan being at a rate of discount beyond legal interest was, as an original contract, according to numerous adjudged cases, necessarily usurious. (*Aeby* v. *Rapelye,* 1 *Hill,* 10. *Munn* v. *Commission Co.,* 15 *John.* 44. 8 *Cowen,* 690. 20 *John.* 286. 2 *Duer,* 52. 4 *id.* 408. 5 *id.* 475.) And the ignorance of Kingsley in regard to the true character of the paper, does not affect the question, or change the character of this note. (*Hall* v. *Wilson,* 16 *Barb.* 548. *Powell* v. *Waters,* 17 *John.* 176. *Dowe* v. *Schutt,* 2 *Denio,* 624. *Holmes* v. *Williams,* 10 *Paige,* 326.) This doctrine in regard to the usurious character of a promissory note, nominally sold upon a false representation that it was

business paper and given for value, had its origin before usury was made, as it is by our statute of 1837; a criminal offense, and is hardly reconcilable with the principles which would govern the questions upon the trial of an indictment for the usury. Section 6 of the act of 1837 (*chap.* 430, *Sess. Laws*) declares that any person who shall directly or indirectly receive any greater interest, discount or consideration than is prescribed by law and the statute, and in violation thereof, shall be deemed guilty of a misdemeanor. Most clearly, I think, upon an indictment under this statute, Kingsley could not, upon the evidence given in this case, be convicted. The *quo animo*—the criminal *intent*—is entirely wanting. How the law of usury can be one thing in a civil court and quite another in a criminal court, is an incongruity I will not attempt to explain or reconcile. Independently of adjudged cases, I should think on the sale of an accommodation note, like this, that there was no usury in the transaction, and that it presented simply a case of *fraud* where the money was obtained by fraud and false pretenses. In such case the note, not having had any valid inception, could not be the subject of sale, and the remedy of the person defrauded would be limited to the person committing the fraud, to recover for the money advanced. The person negotiating the note, in such case, would be estopped from setting up the defense of usury to an action on the paper, or for money had and received. (The objection of the defendants' counsel that the makers of the note in controversy in this action are estopped from setting up the defense of usury, I think cannot be maintained. I think it would be entirely just.) They gave John Earnest their own paper, for the purpose of enabling him to raise money thereon. They thus put it into his power, by the form of the transaction, to commit the fraud which he perpetrated upon Kingsley; and as between the two parties they, I think, ought rather to suffer than he, from the fraud committed, as the paper has been used for the purpose de-

signed. If John Earnest could be deemed their agent to negotiate said note, his representations on making such negotiations would be as binding upon them as if made by themselves, and the case would come within the rule as stated in *Truscott* v. *Davis*, (4 *Barb.* 495,) and *Anderson* v. *Broad*, (2 *E. D. Smith*, 530.) But no adjudged case has extended the doctrine so far as to preclude the defendants in this action from making the defense of usury here interposed.

Three other exceptions were taken to the refusal of the circuit judge to strike out evidence previously given on the trial. I do not see upon what principle such applications were made; nor can I conceive of any ground upon which they could properly have been granted. When evidence has been duly taken, bearing upon the issues, on a trial, without objection, I know of no right on the part of the circuit judge to strike it out, or to exclude it from the consideration of the jury. If it is proper in kind though not in degree, or if objectionable otherwise upon some techninal ground, all right of exception to it is waived by the parties by not objecting in time, and all rightful control over it by the court gone. It is only when evidence is received upon some *condition, mistake,* or *contingency,* that the judge can properly direct the jury to disregard it and treat it as not received; but when it has been absolutely given and received, it cannot in any way, in my opinion, be stricken out of the case, or disregarded. Such practice can only prevail where evidence is taken in writing by one officer, as before an examiner in chancery under the former practice, to be used before some other officer or tribunal. If the evidence is objected to when it is offered, and the objection overruled, an exception will then lie; and if such objection has been made in due time, and a proper exception duly taken, it is superfluous, if not disrespectful, to ask the court afterwards to strike out such evidence. One valid exception for an error committed by the judge is sufficient to assert and maintain all of the rights of the parties on

---

the question.    But upon the merits of the evidence thus referred to I see no valid objection to it, and think it properly received.    The order of the special term denying a new trial should therefore be affirmed.

[MONROE GENERAL TERM, December 2, 1861.    *Johnson, Welles* and *Smith,* Justices.]