GERMAN FILKINS, Respondent, v. AUSTIN E. BAKER and another, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

A witness may not testify to the reason others had for their conduct; such testimony is but the expression of an opinion.

A witness may refresh his memory from a copy made by himself, of his memorandum, on proof that the original memorandum is lost.

Items of charge for labor and services, made up from memoranda in detail previously taken daily, and at the end of the week written out by direction and in the presence of the witness, are available as original memoranda.

Testimony given without objection cannot, it seems, be stricken out upon motion made after the whole evidence is in.

THE action was brought to recover for a balance due for work, labor and services, &c., performed in 1867 and 1868 by the plaintiff, as a shoemaker, for defendants, who were partners, and judgment is claimed for such balance, with interest thereon from December 12, 1868.

The case was referred, by order of the court, to a referee, to hear and determine the same.

The said referee, after hearing the evidence, &c., found in favor of the plaintiff for $98.15, including interest on the amount found due the plaintiff, from December 12, 1868, the time mentioned in the complaint, besides costs.

It appeared upon the trial that, in 1866, the plaintiff commenced work for Austin E. Baker (one of the defendants)

Filkins *v.* Baker.

and Benton, in their boot and shoe shop, at Marathon, and worked in the same shop till June 28, 1867.

In the meantime (on March 1, 1867) Leonard T. Baker, the other defendant, had bought into the firm, taking the credits of the retiring partner and assuming his share of the indebtedness.

In pursuance of that arrangement defendant Leonard settled with plaintiff all accounts between plaintiff and old firm up to January 25, 1867, and, finding the plaintiff indebted up to that time in the sum of $1.84, charged the same against him on the books of the new firm.

On June 29, 1867, the plaintiff commenced work for the defendants, under a contract by the day, as foreman and cutter, at the agreed price of two dollars per day, or twenty cents per hour, and board himself.

Several questions were made upon the trial, which are discussed in the opinion.

A judgment was entered on the referee's report, and the defendant appealed.

*Benj. T. Wright,* for the appellant and defendants.

, for the plaintiff and respondents.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

MILLER, P. J.  There was no error in the refusal of the referee to allow the witness (Walter Torry) to answer the question put by the defendants, which was as follows: "Do you remember of other hands having to do cutting and measuring during working hours by reason of plaintiff's absence?"  While the fact, that others did cutting and measuring was competent, the opinion of the witness as to the reason of the work being done was clearly improper, at least as to others besides himself.  He stated the reason as to himself, and this was competent, because he knew.  But as to others, he could not well know the reason.  Proof of the plaintiff's absence, and that the work was done, would leave

the inference to be drawn that this was the reason; and the defendants might have known that other hands were employed in consequence of the absence of the plaintiff; but as to the witness, it would be a mere expression of opinion, and, therefore, was improper.

It was also competent, I think, for the witness (Comstock) to testify what evidence one of the defendants had given upon the trial before him as a justice, by looking at a copy of his minutes to aid his memory. He testified that he had searched for the original minutes and could not find them; that he did not know that he had them; that he kept the minutes, intended to keep them correct, and that the copy was made by himself. This, I think, showed the loss of the minutes, and was sufficient to authorize the witness to testify from the copy.

But even if the ruling was erroneous it caused no injury, as the defendant himself testified that he did swear as was stated in the witness' answer to the first question; and the answer to the other question was from his recollection, and not from the minutes.

The referee properly refused to strike out the testimony of the plaintiff as to the time he worked as foreman and cutter. The plaintiff testified " that he had an account of his work; and, in swearing to it, he relied upon the memorandum" which he produced; that this was all he had. He kept another memorandum besides this—the number of hours he worked each day on pieces of paper; and the one produced was in his wife's handwriting. He figured the number of hours himself, and she set it down as he directed every Saturday night, and he could not give the days and hours he worked except from this paper. No objection was made to this evidence at the time it was given, and the motion to strike it out was made after the testimony was closed, upon the ground, first, that it was incompetent and improper; second, that the memorandum was not an original entry, but was a copy, not made by the witness nor properly proved.

I am inclined to think that the memorandum to which the

witness referred may be regarded as an original memorandum, made at the time by himself or by his diection, which is the same thing, under the circumstances, as if he had personally done it. The testimony shows that the plaintiff made up the amount of his week's work from separate slips of paper, from day to day, which he kept; that he reckoned them up every Saturday night, and his wife set them down as he directed in his presence and under his immediate supervision. It was, therefore, really and in point of fact, his own memorandum which, as he testified, he relied upon in swearing to the time, and which it was entirely proper to refer to, for the purpose of refreshing the recollection of the plaintiff upon a single point, within the principle of some of the cases cited. (6 N. Y., 337; 29 N. Y., 346.)

Even if there may have been objections to the testimony originally, as no objection was made to it when given and the defendant only moved to strike it out after the whole evidence was in, I am inclined to think that there was a waiver of the objection, and it cannot now be successfully urged. (*Hall* v. *Earnest*, 36 Barb., 585; *Quin* v. *Lloyd*, 41 N. Y., 349.)

The finding of the referee, that there was an agreement between the parties as to the price per diem to be paid to the plaintiff, was not so entirely against the weight of the evidence as to authorize this court to set aside the verdict for that reason. True, the testimony was conflicting, but there is no such preponderance in favor of the defendant as to justify a reversal of the judgment upon any such ground.

No other objections are urged, and as there was no error, the judgment must be affirmed, with costs.