THURMAN, appellant, v. MOSHER.

*Evidence — fraudulent representations — variance — Examination pursuant to § 391 of Code — Memorandum — how far evidence — stenographer's minutes.*

In an action to recover damages caused by defendant's alleged false and fraudulent representations, which were specifically charged in the complaint, plaintiff offered evidence of false and fraudulent representations, other than those charged. *Held*, inadmissible.

The examination of a defendant taken before the trial of an action, pursuant to section 391 of the Code of Procedure, was not signed by the party, nor certified by the officer, nor filed with the clerk. *Held* not evidence *per se.*

The stenographer who took down the examination testified that it was the evidence as he took it, and that he believed it to be correct; he did not state that he had no recollection of the facts aside from the written paper. *Held,* that the examination was not admissible as a memorandum.

APPEAL from a judgment at circuit, against plaintiff. The action was brought by Richardson H. Thurman against Henry W. Mosher and Edward Tracey, to recover for alleged false and fraudulent representations made by the defendant Mosher to the plaintiff, concerning the stock and property of the Heydrick Oil Company, a corporation organized under the laws of the State of Pennsylvania, by which representations the plaintiff alleged that he was induced to transfer to Tracey certain lots of land in the city of Brooklyn of the value of $3,000, and to take from said Tracey as consideration therefor three hundred shares of the stock of said Heydrick Oil Company, at $10 per share, and that said stock was in fact worthless, and the plaintiff suffered damage to the amount of $3,000 and interest; that Tracey well knew of the representations made by the defendant Mosher, and that the same were false, and that Mosher and Tracey combined and confederated together to deceive and defraud the plaintiff for the benefit of said Tracey. Before the action was brought to trial, the plaintiff discontinued as against the defendant Tracey.

The action was brought to trial at the Rensselaer circuit, in December, 1872, when evidence was given by both parties bearing on the issues presented by the pleadings, and a verdict was rendered by the jury in favor of the defendant. Judgment was thereupon rendered, and the plaintiff appealed to the general term.

The questions raised on the appeal relate entirely to the exclusion of evidence offered by the plaintiff on the trial. The plaintiff offered to show alleged false and fraudulent representations other than those charged and counted on in the complaint. The court excluded the evidence, and the plaintiff excepted.

The plaintiff also offered to read in evidence the examination of the defendant taken before trial in this case, under an order made pursuant to section 391 of the Code, which examination was not completed, nor was the testimony so taken signed by the party, certified by the officer, or filed with the clerk. The plaintiff's counsel admitted, that the testimony or deposition was not signed or filed so as to entitle it to be read as evidence without proving it, but offered to read it in evidence as an admission of the defendant. The defendant objected to it as immaterial, incompetent; that it was not properly authenticated; was not read over to the defendant or signed by him, and was never filed. The court sustained the objection, and the plaintiff excepted to such ruling.

*E. F. Bullard*, for appellant.

*E. Cowen*, for respondent.

Bockes, J.   There was no error, I think, in the exclusion of the alleged false and fraudulent representations made by the defendant, other than those counted on in the complaint.   The action was based on particular specified charges and allegations of fraud.   On those the plaintiff counted, and on those he must rely.   The defendant was required to answer those and none other.   He was not called upon to meet other charges and statements than those of which he had notice in the pleading.   *Wells* v. *Jewett*, 11 How. 242; *Barber* v. *Morgan*, 51 Barb. 116; *Gray* v. *Palmer*, 2 Robt. 500.

There is an obvious distinction between those cases where specific charges of fraud are made the basis of a recovery, and those where a fraudulent intent constitutes the gravamen of action, as when the question is whether the vendee of goods procured them with the fraudulent intent not to pay for them.   A sale and delivery of goods to a vendee who purchases with the preconceived design not to pay for them is fraudulent; and on an issue as to such intent it is competent, with a view to show the *quo animo*, to prove that the party accused was engaged in other similar frauds at or about the same time.   Then such other frauds become evidence in support of the charge of fraudulent purpose and intent.   The evidence bears on the motive of the party, which, if fraudulent of itself, makes the sale and delivery void.   When the charge to be substantiated is that the *intent* with which the act was done was fraudulent, any transaction or statement of a fraudulent character bearing on the motive of the party accused becomes competent evidence.   But when the charge is, that the party did a specific fraudulent act or made a certain false statement, which gave a right of action, the act or statement must be proved substantially as alleged in the pleading, and proof of other fraudulent transactions are irrelevant and improper.

The offers to prove false representations and fraudulent transactions against the defendant, other than those counted on in the complaint, were properly rejected.

The offer of the plaintiff to read the examination of the defendant, taken pursuant to section 391 of the Code, is now to be considered. It is conceded that the examination could not be read as evidence in the case, like the deposition of a party taken *de bene esse* for sev-

eral reasons. It was not complete; was not read over to and signed by the party examined; was not certified by the officer; nor had it been filed. Had these requirements been duly complied with the examination would have been evidence of itself to be used on the trial by either party, at their option. *Barry* v. *Galvin,* 37 How. 310. There was no statute which authorized it to be read in evidence in the form in which it was presented. Therefore, as a deposition, and of itself, it was incompetent evidence. This was conceded by the plaintiff's counsel. He said, " I admit it has never been signed and filed so we could read it without proving it." But he offered " to read the evidence of said defendant so taken, against him, as an admission in the case." Now I am unable to discover any legal objection to proof by the plaintiff of what the defendant stated on the occasion of his examination. The plaintiff had a right to prove his statements and admissions bearing on the issues wherever and whenever uttered. That he made them under oath and in a legal proceeding affords no reason why they might not be proved against him. So it was undoubtedly competent for the plaintiff to call the stenographer who took down the defendant's examination, or any other person who heard him speak, and prove what he then stated. The stenographer was called in this case, and testified, that he took down the examination, which he then produced or held in his hand, said it was the evidence as he took it, and that he believed it to be correct. The plaintiff's counsel then offered to read the examination in evidence, when the objections were interposed, that it was incompetent, immaterial and not properly authenticated; that is, that the paper itself was incompetent evidence. Now the written paper was not evidence *ipso facto,* but was a memorandum made by the witness which might be used, if necessary, in aid of his recollection. The question to the witness should have been, what did the defendant state on that examination? If he could answer without recourse to the memorandum, he should do so. To adopt the language of WOODRUFF, J., in *Young* v. *Catlett,* 6 Duer, 441, there would be no propriety in putting into the hands of a witness a paper, for the purpose of refreshing his recollection, when his memory is already fresh, and his recollection full on the subject of inquiry; and the learned judge adds in substance, that to do so under such circumstances would be improper.

If unable to answer without recourse to the paper he might resort to it in aid of his memory. But the right to recur to it in aid of

his recollection would not make the memorandum evidence of itself. It was said in *Butler* v. *Benson*, 1 Barb. 526, that a witness might use a memorandum to refresh his recollection, but that it was not evidence to go to the jury, even though he should swear that he thought it correct; and it is added, per HAND, J., "he may refresh his memory, and then if his recollection recalls the transaction, that recollection is testimony to go to the jury.   *   *   *   It is not sufficient that his mind recurs to the memorandum, and that he himself believes that true." This case followed substantially the decision in *Lawrence* v. *Barker*, 5 Wend. 301; and both of these cases were cited with approval in *Huff* v. *Bennett*, 6 N. Y. 337. The rule laid down in these cases would absolutely exclude the reading of a memorandum in evidence under all circumstances. It would permit a paper to be used by the witness to refresh his memory, yet, after recurring to it, he would be required to speak to the facts from his recollection. But the rule has been so far modified as to permit a memorandum to be read in evidence under certain circumstances. *Halsey* v. *Sinsebaugh*, 15 N. Y. 485; *Russell* v. *H. R. R. Co.*, 17 id. 134; *Guy* v. *Mead*, 22 id. 462; *Lewis* v. *Ingersoll*, 1 Keyes, 347, 357–8; S. C., 3 Abb. Ct. App. 55; *McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303, 315. The rule, as settled in these and other recent cases, is to the effect, that a memorandum of a fact material to the issue, made by a witness at or near the time when the fact occurred, may be read in evidence to the jury, 1st, if the witness can swear that it was made correctly; and 2d, that he cannot remember the fact except as he finds it stated in the paper. So it was held in *Russell* v. *H. R. R. Co.*, *supra*, that a memorandum made by a living witness contemporaneously with the facts to which it relates is admissible in evidence only as auxiliary to and not as a substitute for his oral testimony; and that it must appear that there is a necessity for its introduction on account of the inability of the witness to recollect the facts after refreshing his memory by the writing. In this case Judge SELDEN says, that it is an indispensable preliminary to the introduction of such memorandum that it should appear that the witness is unable with the aid of the memorandum to speak from memory as to the facts; and further, that it is the duty of the court in all such cases to see, before receiving the evidence, that there is a necessity for its introduction on account of the inability of the witness to recollect the facts. Thus it seems

that the memorandum is inadmissible unless the witness states that he has no recollection of the facts which are the subject of inquiry, aside from the written paper. The following cases in addition to those above cited bear on the point. *Meacham* v. *Pell,* 51. Barb. 65–67 ; *Brown* v. *Jones,* 46 id. 400, 410, 411 ; *Wood* v. *De Figaniere,* 25 How. 522–526; *Stewart* v. *Binsse,* 7 Bosw. 195–197; *Wheeler* v. *Ruckman,* 1 Robt. 408–411. In *Russell* v. *H. R. R. R. Co., supra,* the memorandum was admitted in evidence against objection, and a new trial was granted on the ground, that for aught that appeared the witness had a distinct recollection of all the facts independent of the written paper.

Now in the case at bar, the witness stated that he took the minutes, as he believes, correctly. But he did not swear to any want of memory as to what the party testified to, did not say that he could not give what the party then stated, except from the minutes ; did not show that it was at all necessary for him to recur to them in aid even of his recollection. For aught that appeared he could have stated what the defendant then swore to, without any aid from the minutes. If he could have done so, there was no occasion to refer to them. · It seems, therefore, that the paper, of itself, was incompetent as evidence, and the offer *to read* it to the jury was properly overruled.

Had the offer been this, to prove by the witness what the defendant stated or testified to, on the occasion of his examination, its exclusion would, I think, have been error; but the offer was to prove facts competent to be proved by incompetent evidence that was inadmissible. Both the facts to be proved, and the evidence offered to establish them must be competent or the offer should be rejected.

The above considerations embrace the principal grounds of error presented for examination, and, as we think, the only grounds of alleged error which require particular notice.

*Judgment affirmed.*