## JOHN C. ZABRISKIE v. CHARLES SPIELMAN.

A promissory note, to be the subject of sale, must be an existing, valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the parties.   One who buys it of the

payee with the knowledge that he sells it for the benefit of the maker, takes the precise place of the payee with respect to the defence of usury.

On rule to show cause why a new trial should not be granted.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Charles H. Voorhis.*

For the defendant, *E. D. Gillmore.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defence in this case was usury. The notes sued upon were the notes of the defendant, Spielman, which he put in the hands of a broker named Lamb, to dispose of.

The plaintiff testifies that he knew when he took the notes that Lamb was not the owner of them, and that he purchased them from Lamb at less than their face value.

The mere fact that a broker intervened did not change the character of the transaction.   The purchase of the maker's note under such circumstances, at a shave, was as clearly usurious as if the negotiation had been with the principal in person.   If the statute against usury could be so readily evaded, it would exert very slight influence in repressing the evil at which it is aimed.

The transaction, in effect, was simply this:   Zabriskie, the plaintiff, was the capitalist.   He furnished Lamb, the broker, with money to buy notes for him, and Lamb went to Spielman and purchased Spielman's notes at a shave, which was divided between the broker and his principal.   This statement stamps the transaction an unlawful one.

A promissory note, to be the subject of sale, must be an existing, valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the original parties.

Having no pre-existing validity to give it the character of an enforceable contract, life cannot be imparted to it through a usurious sale. One who buys it of the payee with knowledge of the fact that he sells it for the benefit of the maker, takes the precise place of the payee with respect to the defence of usury. *Hall* v. *Earnest,* 36 *Barb.* 585.

This doctrine has been fully recognized in our own state. *Campbell* v. *Nichols,* 4 *Vroom* 81.

The rule to show cause should be made absolute, and a new trial granted.