51b  65
150a 392

## MEACHAM vs. PELL.

.It is indispensable to the admission in evidence of a memorandum made by
a witness at the time of the making of an alleged agreement, that it be shown
the witness has no recollection of the matters stated therein, independent of
the written paper.  If he has such recollection, the evidence is inadmissible.
Where a witness testifies fully to an interview between the parties, at which an
agreement was entered into, a memorandum of the terms of such agreement,
made by him at the time, is not admissible to *corroborate* the witness.
A party to an action should not be permitted to give in evidence a memoran-
dum made by *himself*, to prove the terms of a contract between him and his
adversary, which has been made by him privately, and never shown to the
other party.  Such a rule of evidence would open a door to frauds of the
worst character.  *Per* INGRAHAM, J.

THIS action was brought to recover for services rendered.
The parties differed as to the amount of compensation
agreed on.   The parties were examined as witnesses in
their own behalf.   The defendant was the only witness on
his own part.   He testified to an interview between him
and the plaintiff, at which an agreement was made with the
plaintiff as to the terms on which he would do the defend-
ant's work.   A written memorandum was then offered in
evidence, made by the defendant of his agreement with
the plaintiff, to corroborate the defendant's testimony.
This was objected to by the plaintiff, but was admitted,
and the plaintiff excepted.   The referee rendered a judg-
ment for the defendant.

*Chas. H. Mundy*, for the plaintiff.

*Ira D. Warren*, for the defendant.

*By the Court*, INGRAHAM, J.   The only question is as to
the admissibility of this memorandum to corroborate the
defendant's testimony.   Without referring to the decisions
previous to those made by the Court of Appeals on this·
question, the rule as to the admission of such a memoran-
dum is easily ascertained from those cases.

VOL. LI.                5

Meacham v. Pell.

The first case was that of *Halsey* v. *Sinsebaugh*, (15 *N. Y. Rep.* 485,) in which the attempt was made to prove what a witness had sworn to on a former trial. An attorney was called who had taken notes of the testimony and who stated that he had no doubt they were correct. The witness said he had no recollection of the testimony, independent of his minutes, and the judge excluded the evidence. Evidence of the testimony of a witness given on a former trial, can in most cases only be proved by the *recorded* testimony, and is not in any way to be compared to a memorandum of a transaction made by a witness after it has taken place. It is *sui generis*, and is recorded at the time of the transaction. No party or attorney can be supposed to remember all the testimony given in a cause, and the record made of such testimony at the time, furnishes the best and only proof which can be given of such testimony. As was said by Selden, J. in that case : " The efforts of memory are seldom equal to the task of recalling after any considerable lapse of time, even the exact substance of words and phrases, while it would be easy at the time to make an accurate record of their import." In that case the court held the evidence admissible.

In the next case, of *Russell* v. *Hudson River R. R. Co.*, (17 *N. Y. Rep.* 134,) a physician was examined as to the character of injuries sustained by the plaintiff, and the nature of the services rendered to him, and testified in regard thereto. A written memorandum or certificate of those matters, made by the witness at the close of his attendance on the plaintiff, was offered in evidence by the plaintiff and was received in evidence. This presented the reverse of the proposition held in *Halsey* v. *Sinsebaugh*, with the fact, that before examining the memorandum the witness had testified to all the matters contained therein.

Selden, J. also delivered the opinion of the court in the latter case. He says : " It is, however, an indispensable preliminary to the introduction of such a memorandum in

Meacham *v.* Pell.

evidence that it should appear, as it did in *Halsey* v. *Sinsebaugh*, that the witness is unable with the aid of the memorandum to speak from memory as to the facts. It is the duty of the court in all such cases to see, before receiving the memorandum in evidence, that it was made at or about the time of the transaction to which it relates; that its accuracy is duly certified by the oath of the witness, and that there is a necessity for its introduction on account of the inability of the witness to recollect the facts." It was held that the paper was improperly .admitted, because the witness had a recollection of the facts independent of the memorandum, and a new trial was ordered.

This case was followed by *Guy* v. *Mead*, (22 *N. Y. Rep.* 462,) in which it was material to show at what time a calculation of interest was made. A witness testified he had made a memorandum in calculating interest on the day, but had no recollection of the time when it was made, independent of the paper writing. The memorandum was excluded. Denio, J. says: "That aside from the written paper the witness had no recollection as to the time when it was made, and the court held that the memorandum should have been received in evidence."

These cases are all perfectly consistent in requiring, as indispensable to the admission of such testimony, proof that the witness who made the memorandum has no recollection of the matters stated therein, independent of the written paper. When he has such recollection, the evidence is inadmissible.

The application of these rules to the case under examination shows that the evidence was improperly received. The defendant had been examined and had testified fully to the interview between himself and the plaintiff at the time of the contract between them. The paper was not offered because the facts could not be proven otherwise, but to corroborate the party testifying. For such a purpose it was not admissible.

Meacham *v*. Pell.

There is another consideration which does not enter into any of the cases cited, but which seems to me should have weight on such a question; and that is, the impolicy of permitting a party to an action to give in evidence a memorandum made by himself to prove the terms of a contract between him and his adversary, which has been made by him privately and never shown to the other party. If such a rule of evidence should ever be adopted, it would open a door to frauds of the worst character, and leave the proof of contracts not to the evidence of parties who make them and witnesses present, but to memoranda which they might make afterwards, containing their understanding, and not the terms of the contract.

It is possible that without this memorandum the referee might have found the same conclusions; but it is by no means clear that he would have done so. The evidence of the parties was contradictory, and a finding either way might have been sustained. Under such a state of facts we cannot say the evidence erroneously admitted had no influence on the referee.

The judgment should be reversed and the case sent back to the referee for a new trial, costs to abide the event.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham,* Justices.]