UNION MANUFACTURING COMPANY v. BYINGTON, appellant.

*Evidence — affidavits previously made by witness — memoranda.*

A witness for defendant, on cross-examination, was shown an affidavit, the signature to which he admitted was his. Plaintiff's counsel refused to let defendant's counsel examine the affidavit and refused then to put it in evidence. At a later period of the trial plaintiff offered it in evidence, when defendant's counsel objected on the ground that he had been prevented from examining the witness as to its contents. *Held* inadmissible on that ground.

An affidavit made by a witness for plaintiff some time previous to the trial in relation to the matters sworn to by him, *held* simply a declaration and inadmissible on behalf of plaintiff.

The affidavits in question were made several years after the transactions they related to took place. *Held*, that they were not admissible as memoranda.

APPEAL from judgment entered in favor of plaintiff upon the report of a referee. The action was brought to recover a balance due from the defendant, Aaron Homer Byington, to plaintiff for certain goods sold and delivered. The referee found that defendant was indebted to plaintiff in the sum of $3,168.39, as balance from moneys collected by defendant as plaintiff's agent upon the sale of certain goods. From the judgment entered on his report defendant

Union Manufacturing Co. v. Byington.

makes this appeal. The exceptions taken to the admission of evidence appear fully in the opinion.

*Wm. Henry Arnoux*, for appellant, cited as to admissibility of the affidavits of the witness. *Lee* v. *Chadsey*, 2 Keyes, 543; *Pendleton* v. *Empire Stone Dressing Co.*, 19 N. Y. 13; *Newcomb* v. *Griswold*, 24 id. 298; *Hubbard* v. *Briggs*, 31 id. 518; *Romertze* v. *East River Nat. Bank*, 49 id. 579; *Gaffney* v. *People*, 50 id. 416.

*Reuben Rowley* and *Luther R. Marsh*, for respondents.

DANIELS, J. The action was brought for the price of goods alleged to have been sold and delivered by the plaintiff to the defendant, and the recovery had for the proceeds of goods received and sold by the defendant as the plaintiff's agent. This, it was insisted upon at the argument, could not be lawfully allowed, but as the exception taken to the referee's direction, that the plaintiff should have judgment for the amount to be due from him, is specific, resting on special grounds and reasons, and this objection is not among them, and that point is not presented for consideration, by specifying particular objections to the recovery directed, and omitting the one so elaborately argued, the latter was necessarily excluded from the case.

During the trial the defendant claimed commissions as such agent for cloth claimed to have been sold by him for the plaintiffs to the quartermaster of the State of Connecticut, for the manufacture of soldiers' overcoats, and afterward delivered to and manufactured by the firm of Day, Griswold & Co. The amount claimed for those commissions was the sum of $1,374. The defendant's evidence as a witness tended to prove the justice of this claim. He stated that the sale was made by his exertions as the plaintiff's agent, and if he was right in that statement he was entitled to his commissions for making it.

John M. Hathaway was examined as a witness in the defendant's behalf, for the purpose of sustaining the claim that the sale was made by means of his agency. During the progress of the cross-examination of this witness, an affidavit was presented to him by the plaintiff's counsel, and he stated that the signature to it was his, and that his memory was fresher in 1864 than at the time of his examination. The plaintiff's counsel declined to allow the defendant's

counsel to examine, or see the contents of the affidavit, and refused then to put it in evidence. At a later period in the trial it was offered in evidence, and then objected to by the defendant, for the reason that the plaintiff's counsel refused to put it in evidence when the witness was on the stand, or permit it to be examined so that the witness could be cross-examined in relation to it. The objections were overruled and the affidavit allowed to be read, to which the defendant's counsel excepted. This affidavit was sworn to in March, 1864, while the trial took place in November, 1869, and, in substance, it showed that the sale was not produced through the intervention of the defendant's agency.

The objection that it was improper, under the circumstances, as a contradictory statement of the evidence given by the witness, was not taken by the defendant. But the objection that he had been prevented from examining the witness concerning its contents, because the plaintiff's counsel withheld it while the witness was under examination, was taken, and it was an objection which the referee ought to have sustained. Before the defendant could be affected by the affidavit which his witness had made without his privity or knowledge, he was entitled to show the circumstances under which it was made, the reason existing for making it, and any other matter that might have impaired the force of its unexplained statements. This he was deprived of by the affidavit being withheld from the possession or inspection of his counsel. It was both unfair and unjust, and prevented him from availing himself of an important legal right.

Another witness was examined on the same subject, on behalf of the plaintiff, who had previously made an affidavit embodying the subject upon which he gave evidence, and that was offered by the plaintiff, and received by the referee, under the objection that the former declarations of the witness were not evidence for the plaintiff. The defendant objected to the ruling by which this affidavit was allowed to be read. The affidavit showed that the witness had sworn substantially the same in March, 1864, when it was taken, as he did upon the trial, and his statements on both occasions tended to disprove the validity of the demand made for commissions, on account of the sale of the cloth for the overcoats.

This affidavit contained simply the declaration of the witness who made it. It was no less so, by reason of the fact that it had been sworn to by the witness. It had no claim to admissibility, because

Union Manufacturing Co. v. Byington.

the witness had sworn to the declaration which he made. To entitle the deposition of a witness to be read in evidence, the formalities required to be observed by positive law must appear to be complied with, when they secure the party to be affected by the evidence the privilege of cross-examination. Where such provisions are disregarded, the deposition, though taken under all other formalities, is not admissible as evidence. 1 Greenl. Ev., § 552.

There is no principle on which the admission of this affidavit, as confirmatory evidence of that given by the witness during the trial, can be sustained. It was simply the declaration or admission of the witness on a preceding occasion of what he claimed to know concerning this portion of the controversy between the parties to this action, and it derived no force as evidence from the circumstance of its being sworn to, because of its *ex parte* and informal character. But, if it did, the statement would still be liable to the objection taken upon the trial, that it consisted only of the declarations of the witness at a time when he was not in a position to be examined as to their accuracy by the party whose claim was proposed to be disproved by them.

As memoranda made by the witnesses, neither affidavit was proper. Each was made several years after the occurrence, not with a view of making a mere memorandum of it, and the witnesses themselves were able to testify from recollection on the subject to which the affidavits related. The latter circumstance of itself was sufficient to render them improper evidence as memoranda. *Meacham* v. *Pell*, 51 Barb. 65; *Russell* v. *H. R. R. Co.*, 17 N. Y. 134.

Both these affidavits tended to disprove the claim by the defendant. And as it was rejected by the referee, they must be presumed to have had their appropriate effect in producing that result. He has, therefore, been prejudiced by the rulings of the referee allowing them to be read.

In consequence of these rulings there must be a new trial in the action, and for that purpose it will be unnecessary to consider the other objections taken to the conclusions of the referee.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and WESTBROOK, J., concurred.

*Judgment reversed and new trial ordered.*