THE NATIONAL ULSTER COUNTY BANK, Appellant, *v.* MICHAEL J. MADDEN, Impleaded, etc., Respondent.

An original entry or a memorandum, made by a witness at the time of a transaction, is admissible in evidence as auxilary to his testimony only when he is unable to distinctly recollect the fact without its aid. The evidence is admitted only as a matter of necessity. Where the witness has a distinct recollection of the essential facts to which the entries relate, the primary common-law proof may be furnished, the necessity for the secondary evidence does not arise, and so it is incompetent.

*Bigelow* v. *Hall* (91 N. Y. 145) distinguished.

Where it is made to appear that a check, indorsed over by the payee, was altered after his indorsement without his consent, the presumption is that it was so made as to vitiate it, as against the indorser, and the burden is upon the party seeking to enforce it to relieve it from the effect of the unauthorized indorsement by showing that it was made by a stranger to the instrument.

*Nat. Ulster Co. Bk.* v. *Madden* (41 Hun, 113) reversed.

(Argued April 22, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made at the June Term, 1886, which affirmed a judgment in favor of defendant Madden, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*John J. Linson* for appellant.   It was error to allow Madden to read from his book the entries he said he made in it, at the time he indorsed the checks, of the date, amount of and time when the checks were made payable.   (*Russell* v. *H. R. R. R. Co.,* 17 N. Y. 134 ; 1 Phil. Ev. 289 ; *Halsey* v. *Sinsebaugh,* 15 N. Y. 485 ; *Collins* v. *Rockwood,* 64 How. Pr. 57 ; *Meacham* v. *Pell,* 51 Barb. 65, 67, 68 ; *Deshon* v. *Ins. Co.,* 11 Metc. 209 ; *Thurman* v. *Mosher,* 1 Hun, 340 ; *Ashley* v. *Woolcott,* 11 Cush. 196 ; *Brown* v. *Thurber,* 58 How. 97.)   It was not a part of the agreement itself, and, therefore, no part of the *res gestæ.*   (*Moore* v. *Meachim,* 10 N. Y. 209 ; *Flood* v. *Mitchell,* 68 id. 509 ; *Howard* v. *McDonough,* 77 id. 592.) The rule that a party signing a paper with a blank in it authorizes the parties intrusted with the paper to fill in the blank as he pleases, though it be in direct contradiction to the agreement made, when signed applies.   (*Booth* v. *Powers,* 56 N. Y. 31 ; *Kitchen* v. *Place,* 41 Barb. 465 ; *Bank* v. *Schuyler,* 7 Conn. 336 ; *Van Duser* v. *Home,* 21 N. Y. 531.)

*E. S. Wood* for respondent.   The question whether the checks had been fraudulently altered by the drawee was one exclusively of fact and solely for the jury to determine. (*Wood* v. *Steele,* 6 Wall. 80 ; *Crawford* v. *West Side Bank,* 100 N. Y. 53, 54 ; Daniels on Neg. Inst. § 1660.)   The change in the time of payment of the checks, by making them payable from twenty days to three months later than the date of the instrument, was a material alteration that changed the liability of the indorser and rendered the instrument void.   (Edwards on Bills, 95 ; *Crawford* v. *W. S. Bank,* 100 N. Y. 50, 56 ; 49 Sup. Ct. 68 ; *Vance* v. *Lowther,* L. R.; 1 Ex. Div. 176 ; *Master* v. *Miller,* 4 Term Rep. 320 ; Smith's Leading Cases, 458 [English and American Notes] ; *Wood* v. *Steele,* 6 Wall.

80; *Britton* v. *Dierker*, 2 Am. Rep. 553; 45 Mo. 591; *Waterman* v. *Vose*, 43 Me. 511; *Heffner* v. *Wenrich*, 36 Penn. St. 423; 2 Pars. Notes and Bills, 550; *Wyerhauser* v. *Dun*, 1 East. Rep. 720.) The entries in his book by Madden was an original memorandum made by the party himself, sworn to be correct, and was part of the *res gestæ* and properly received in evidence. (*Guy* v. *Mead*, 22 N. Y. 462; *Peck* v. *Valentine*, 94 id. 569; *Mayor, etc.*, v. *Second Avenue R. R. Co.*, 31 Hun, 241; *Ellsworth* v. *Ætna Insurance Company*, 21 Week. Dig. 469; *Bigelow* v. *Hall*, 91 N. Y. 145; *Riordin* v. *Davis*, 29 Am Dec. 442; *Fish* v. *Adams*, 37 Mich. 598; *Meyer* v. *Reichardt*, 112 Mass. 105; *Reed* v. *U. S. Ex. Co.*, 48. N. Y. 468.) Until it is shown that the production of the primary evidence is out of the party's power, no other proof of the fact is in general admitted. All evidence falling short of this is in its degree termed secondary. (1 Greenleaf, § 84.) Oral evidence cannot be substituted for any writing the existence of which is disputed, and which is material either to the issue between the parties, or to the credit of the witness, and is not merely the memorandum of some other fact. (1 Greenleaf, § 88; *Rehburg* v. *Mayor, etc.*, 1 East, 182.) Where blanks are intentionally left in a note, check or other instrument the party who is intrusted with the use of the instrument, or the person to whom it is delivered for use, has implied authority to fill actual blanks by inserting the amount, the time, or place of payment, and the party who has left such blanks will be bound by the terms of the completed, perfected instrument, on the theory that he has made the other his agent for the purpose of making it perfect. (*Angle* v. *N. W. M. L. Ins. Co.*, 2 Otto, 330, 338, 339, 340; *Wyerhauser* v. *Dun*, 1 East. Rep. 720.) The general rule in respect to the alteration of commercial paper, and the effect of that alteration to discharge the prior parties to it, is well settled and must prevail. (*Nat. Bk. of Commerce* v. *N. M. B. Assn.*, 55 N. Y. 211; *S. V. Bk.* v. *Loomis*, 85 id. 207.) The act, therefore, of interlining the new matter is equivalent to the erasure of written or printed matter in an instrument, and the substi-

tution of something else in its place. Such acts have always. been held to render the instrument void. (*Angle* v. *N. W. M. L. Ins. Co*, 2 Otto, 330.) There is no principle in the law of estoppel that applies to the defendant Madden in this case. (*Britton* v. *Dierker*, 2 Am. 553; *Wood* v. *Steele*, 6 Wall. 80; *Crawford* v. *W. S. Bk.*, 49 Sup. Ct. 68; 100 N. Y. 50; *Bk. of Comm.* v. *Mechanics' Bk.*, 55 id. 211; *Marine Bk.* v. *City Bk.*, 59 id. 67; *Susquehanna Bk.* v. *Loomis*, 85 id. 207; *Vance* v. *Lowther*, 16 Moak's Eng. Rep. 583; *Trigg* v. *Taylor*, 72 Am. Rep. 263.)

BRADLEY, J. The action was brought to recover the amount. of eighteen checks drawn by the defendant Sarah M. Fowks, by her attorney, Horatio Fowks, upon the National Bank of Rondout, and payable to the order of the defendant Madden, and indorsed by the latter. Madden alone defended, and alleged that after the checks were indorsed by him they were altered in respect to the time for payment, so as to make them payable at a future day without his knowledge or consent. He testified that, when so indorsed by him, no time of payment was expressed in any of them. When they were discounted by the plaintiff they, respectively, appeared to be payable at specified times subsequent to their dates. The defendant Madden also testified that when he indorsed the several checks he made a memorandum entry of the dates, amounts and time when payable of them, respectively; and in his examination in chief, in his own behalf, he was permitted, against the objection and exception of the plaintiff's counsel, to read such memoranda to the jury. The main question arises upon the admissibility of those entries in evidence. The rule in this. state prior to the decision in *Merrill* v. *Ithaca and Owego Railroad Company* (16 Wend. 586) was, that a witness might refer to his memorandum to refresh his memory, and then was permitted to testify to the facts, provided he could do so independently of it upon his recollection. That was the extent of the rule in this respect. (*Feeter* v. *Heath*, 11 Wend. 479; *Lawrence* v. *Barker*, 5 id. 301.) In the *Merrill Case* the

·court reviewed the cases, and cited text books upon the subject, and announced the conclusion that original entries read by a witness, and which he should testify were correctly made, might be read in evidence, though he remembered nothing of the facts represented by them, but that to render such entries admissible, it should appear that " every source of primary ·evidence had been exhausted." Since then, so far as we have observed, it has uniformly been held admissible for the witness to refer to the original entries in respect to the facts which he is called upon to testify, and if he verifies their correctness, and is unable to recollect such facts, independently of such ·entries, they may be read in evidence. (*Bank of Monroe* v. *Culver*, 2 Hill, 531 ; *Cole* v. *Jessup*, 10 N. Y. 96 ; *Halsey* v. *Sinsebaugh*, 15 id. 485 ; *Russell* v. *H. R. R. R. Co.*, 17 id. 134 ; *Guy* v. *Mead*, 22 id. 462 ; *Squires* v. *Abbott*, 61 id. 530–535 ; *Howard* v. *McDonough*, 77 id. 592 ; *Peck* v. *Valentine*, 94 id. 569 ; *Mayor, etc.*, v. *Second Ave. R. R. Co.*, 102 id. 572–580 ; *Brown* v. *Jones*, 46 Barb. 400 ; *Meacham* v. *Pell*, 51 id. 65 ; *Kennedy* v. *O. & S. R. R. Co.*, 67 id. 170–182.)

The General Term cited, on this question, *Guy* v. *Mead*, and made the remark that while that case differed from this, in the fact that there the witness had no recollection of the matter, independently of the memorandum referred to, the court did not place its decision upon that ground. Although, in that ·case, the court did not expressly declare that the admissibility of the evidence was dependent upon the want of ·recollection ·of the witness, the fact existed which rendered the paper competent evidence within the rule as before stated ; and reference was there, with apparent approval, made to *Russell* v. *Hudson River Railroad Company* (*supra*), where the judgment of the court below was reversed for error in receiving a memorandum in evidence when, for aught that appeared, the witness had recollection of the facts to which he was called upon to testify, independently of it. And the cases above cited, determined ·subsequently to *Guy* v. *Mead*, state and adhere to the doctrine that original entries made by a witness are admissible ·as auxiliary to his evidence, only when he is unable to dis-

tinctly recollect the fact without the aid of it. This pro-
position seems well settled in this state by a current of
authority for the last fifty years, which now requires adher-
ence to it, unless it may be seen that it works unjustly upon
the rights of the parties. The rule which renders such entries.
admissible rests upon the principle of necessity for the recep-
tion of secondary evidence, and is not applicable where the
witness has a distinct recollection of the essential facts to
which they relate. The primary common-law proof is then
furnished, and the necessity for evidence of the lesser degree
does not arise. And this right, so qualified, to introduce such
secondary evidence is the better rule, in view of the opportu-
nity which otherwise might exist, to superadd a written mem-
orandum to the evidence of a witness, which it cannot be
said might not sometimes be improperly made available to
strengthen his testimony with a court or jury, and such may
be within reasonable apprehension until the moral infirmity
of human nature becomes exceptionally less than it yet has.
This reason for the rule so limited has also been in the minds
of the courts in deciding the cases declaring it. (*Meacham* v.
*Pell*, 51 Barb. 65–68; *Driggs* v. *Smith*, 4 J. & S. 283;
*Russell* v. *H. R. R. R. Co.*, 17 N. Y., 134.)

In holding, as we do, that entries made by a witness are not
admissible, unless it appear that he does not recollect the
occurrence to which they relate, independently of them, we but
reaffirm what may be deemed the rule already quite well estab-
lished in that respect. In the present case it not only did not.
so appear, but the evidence of the defendant fairly indicated
that his recollection was distinct of the facts in issue, to
which his memoranda referred. The ruling which permitted
the entries to be read in evidence, therefore, was error, unless
they may, as contended by the defendant's counsel, be con-
sidered admissible as part of the *res gestæ*. It is difficult to
see that it does, and we think it does not come within that
doctrine. The entries were made by defendant, and were
descriptive of the papers indorsed by him. The acts which
he then was called upon to do, and did do, were to indorse the

-checks. The fact of the indorsement by him of his name upon them is not questioned. The act of making the entries was not illustrative of that of the indorsement, nor did it tend to characterize it, and it does not come within the rule requisite to permit it to be treated as part of the transaction. (Wharton's Ev. § 259; *Nutting* v. *Page*, 4 Gray, 584; *Moore* v. *Meacham*, 10 N. Y. 207; *Tilson* v. *Terwilliger*, 56 id. 277.)

The case of *Bigelow* v. *Hall* (91 N. Y. 145), is not applicable in that respect to the situation presented in this case. There the parties participated in making the entries at the time of the transaction, and they had relation to it, while here the current entries were made by the defendant alone, and all that Fowks appears to have done was to make from time to time entry of a supposed past act of payment of a previously indorsed check, and that was done before the defendant's entry descriptive of the succeeding one, and with the latter entry the party procuring the indorsement had nothing to do, nor does it appear that he was then advised of the entry as made by the defendant. (*Brown* v. *Thurber*, 58 How. 95–97.)

The evidence of the person who represented the drawer of the checks, and drew them as her attorney, was contradictory of that given by the defendant Madden in every respect essential to the issue presented at the trial. It cannot be seen that the reading to the jury of the memoranda may not have had some influence upon their action on the main question of fact, which they were required to determine.

The alleged alteration was a material one, and the finding that it was made after the defendant's indorsement, and without his consent, presumptively required the conclusion that the checks so altered were rendered invalid as against the indorser, and that such defendant was entitled to a verdict. (*Crawford* v. *West Side Bank*, 100 N. Y. 50.)

The presumption in such case is, that it was so made as to vitiate it, and the burden is with the party seeking to make an altered instrument the basis of recovery to relieve it from

the effect of the unauthorized alteration, which may be done by showing that it was made by a stranger to it. (*Waring* v. *Smyth*, 2 Barb. Ch. 119 ; *Herrick* v. *Malin*, 22 Wend. 388 ; *Smith* v. *McGowan*, 3 Barb. 404.)

Nothing appears in this case to indicate that any relief in that manner can be had from the effect of the alteration, if the jury find it was made after the indorsement and without the knowledge or consent of the indorser.

No other question presented here by the plaintiff's counsel seems to require consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except PARKER, J., not sitting.

Judgment reversed.