EDWARD D. IRISH, Respondent, v. ELIZABETH G. HORN, Appellant.

*Book of account — proof required to render it admissible — proof required in case of a memorandum.*

The necessary and preliminary proof, required in order to make a book account admissible in evidence upon the trial of an action, must establish that the party whose book of account is offered in evidence had no clerk, and that he kept fair and honest books of account.

To render a certain portion of an account book of the plaintiff in an action competent as a memorandum, such plaintiff must testify in substance that he made the charges therein of the materials sold to, and labor performed for, the defendant at the time the several items were furnished; that the account was correctly kept, and that he was unable to remember the items independently of the memorandum. In the absence of such testimony the overruling of the objection of the defendant to the admission of the book of account in evidence is erroneous.

APPEAL by the defendant, Elizabeth G. Horn, from a judgment of the County Court of Warren county in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 20th day of April, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the town of Caldwell, Warren county.

*A. Armstrong, Jr.*, for the appellant.

*Robert Imrie*, for the respondent.

PUTNAM, J.:

Plaintiff on the trial before a justice of the peace, to prove the claim set out in his complaint, read in evidence pages 83 and 84 of his book of account. It is urged by appellant that although defendant's objections to such book of account were overruled plaintiff neglected to actually read said pages 83 and 84, and hence there was no evidence, whatever, before the justice to establish plaintiff's cause of action. The learned county judge, however, reached the conclusion that plaintiff's book was, on the trial, treated and regarded as in evidence, and hence on this appeal it should be deemed that pages 83 and 84 of the book were read. We shall assume that the conclusion reached by the court below in that regard was correct.

We think, however, that the justice erred in overruling the objections of defendant to the reception of the book in evidence.

It was not properly admitted as a *book of account*. The necessary and preliminary proof required to make it competent evidence as such was not given. It was not shown that plaintiff had no clerk; that he kept fair and honest books of account, etc. (See *Dooley* v. *Moan*, 33 N. Y. St. Repr. 118.)

Nor was it properly received as a memorandum for the same reason. To render a memorandum competent in connection with the testimony of a witness, such witness must testify that the memorandum was correctly made, and that he is unable to recollect the facts independently of the entries therein. (*Nat. Ulster Co. Bank* v. *Madden*, 114 N. Y. 280–284.)

Judge SELDEN, in *Russell* v. *H. R. R. R. Co.* (17 N. Y. 134–140), says: " It is, however, an indispensable preliminary to the introduction of such a memorandum in evidence that it should

appear   *   *   *   that the witness is unable with the aid of the memorandum to speak from memory as to the facts. It is only as auxiliary to, and not as a substitute for, the oral testimony of the witness, that the writing is admissible. It is the duty of the court in all such cases to see, before receiving the memorandum in evidence, that it was made at or about the time of the transaction to which it relates, that its accuracy is duly certified by the oath of the witness, and that there is a necessity for its introduction on account of the inability of the witness to recollect the facts."

Plaintiff neglected to testify that the account on pages 83 and 84 of his book contained a *true* and *correct* statement of materials and labor furnished defendant, entered on said book at or about the time of said transaction, and that he was unable to remember the items independently of the entries in the book. On the contrary, plaintiff testified that he had other means than the items set forth in the book of showing what goods were sold and labor performed for defendant, except what Mr. Black got. To render pages 83 and 84 of plaintiff's book competent as a memorandum plaintiff should have sworn, in substance, that he made the charges therein of materials sold to and labor performed for defendant at the time the several items were furnished ; that the account was correctly kept, and that he was unable to remember such items independently of the memorandum. In the absence of such testimony we think the justice erred in overruling the objections of defendant to the book of account, and also that such book, read in evidence, failed to establish plaintiff's cause of action.

We think the justice also erred in excluding evidence offered by the defendant of conversations between plaintiff and Black as to clapboards ; in overruling defendant's objections to testimony offered by plaintiff as to conversations and transactions between him and Black, and fell into other errors which we deem unnecessary to discuss, as for the reason above stated the judgment must be reversed.

Judgment reversed, with costs in this court and the court below.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, with costs in this court and in the court below.