(21 Misc. Rep. 37.)

OBERMEIER v. WHALEN.

(Supreme Court, Appellate Term.  July 29, 1897.)

CORROBORATING EVIDENCE.
    When a party has been permitted, without objection, to testify to the contents of a written instrument, without laying a proper foundation for secondary evidence, it is not error to exclude, on objection, a written memorandum, made by him at the time of the giving of the instrument, offered in corroboration of his testimony.

Appeal from First district court.
Action by Anthony J. Obermeier against Frank Whalen.  From a judgment for defendant, plaintiff appeals.  Affirmed.
Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.
William Henry Knox, for appellant.
John L. Linehan, for respondent.

DALY, P. J.   The action was brought by a carpenter and builder to recover for the value of labor and materials in making a door, and preparing to construct a doorway, at defendant's request,—a side entrance to defendant's saloon, which was on the northeast corner of Tenth avenue and Thirty-Sixth street.   The work was be-

gun in the first part of February, and was ready. to be put in place in the first part of March, 1896; and, according to the plaintiff's testimony, he then went to defendant, and offered to put it in, but defendant said he did not want it put in then, and to take the things away; that, on the Saturday after, plaintiff asked for money on account, and defendant paid him $50 on account, for, which plaintiff gave him a receipt, with the words "on account" on it; that, in June following, defendant got him to put in a partition at a cost· of $150, and paid him for it; that this partition, which was put up to make a dining room, made the other work useless; that defendant paid him for that, and then, with reference to the other work, said to him, "I don't want it now; you see it is useless," and said, with respect to plaintiff's claim, "If you get judgment, you will get your money;" that, in the following October, defendant again employed him, and paid him $180 for another partition. The defendant's testimony is that he sent for plaintiff in February, and described the entrance he wanted. but told him that the lease of the premises did not permit alterations without the owner's consent, and that it was agreed that· plaintiff was to see the owner, and get her consent; that the defendant signed an application to the building department on that understanding; that plaintiff subsequently came, and said he had her application signed; that a statement to that effect was in the newspapers; that defendant afterwards discovered that the owner's consent had not been obtained, and she had not signed the application, and she gave him notice to that effect, and he thereupon notified plaintiff to stop the work; that plaintiff said it was an expense and loss to him, and defendant paid him $50, and told him it was to cover the stuff he had used; and that plaintiff took the money, and said nothing. The plaintiff denied that he had agreed to procure the consent of the owner, and claims that there was simply a change of purpose as to the side entrance on defendant's part; that he decided upon the plan in apprehension of pending excise legislation, and because his present entrance was within 200 feet of a church, and abandoned the plan when he found his present entrance could be maintained if he converted his premises into an hotel.

There was a question of fact presented for the decision of the justice, which he determined in defendant's favor. Plaintiff argues against the probability of defendant's testimony. The defendant's case, of course, rests upon the alleged agreement of plaintiff to procure the consent of the owner. It might seem at first unusual that the contractor should undertake to do this, but he undertook to get the architect, have the plans prepared, and obtain the approval of the building department, and it might well be that he would be successful in obtaining the landlord's consent, as he could best explain the feasibility and safety of the proposed work.

The chief complaint of appellant is that the justice refused to admit in evidence the stub of the plaintiff's receipt book, from which the receipt "on account" given to defendant had been detached, and on which was written a memorandum confirmatory of plaintiff's testimony as to the receipt being "on account." The defendant did

not admit that the plaintiff gave him a receipt, nor did he deny it, his testimony being rather as to a want of memory on that subject; but plaintiff was permitted to testify as to the contents of the receipt without laying the proper foundation for secondary evidence, and the stub in the receipt book was only offered in corroboration of his testimony. The justice did not err in excluding it on defendant's objection. As a memorandum made by the witness at the time of giving the receipt, it would be admissible only in case he had no recollection of the transaction apart from the paper. If he needed it to refresh his memory, he could consult it for that purpose; but, as he could testify from recollection without it, it was not admissible. Bank v. Madden, 114 N. Y. 280, 21 N. E. 408; Abb. Tr. Ev. 320.

A point is made of the exclusion of the evidence of a witness on the part of the plaintiff that the latter ordered iron beams of him for the work; but as there was practically no question as to the getting of some material for the work, and the only issue in the case referred to the terms of the contract, the evidence was immaterial.

The question, as has been observed, was one of fact. It was a significant circumstance that the plaintiff accepted two other orders from the defendant for work on the same premises after, as he claims, he had been unjustly treated, and referred to the courts for redress, and that he accepted those orders. There was a question of veracity between interested witnesses, and we cannot say that the justice erred in finding that defendant's proof preponderated.

Judgment affirmed, with costs. All concur.