Here is a plain conveyance of a fee. and attached thereto a condition that the income and profits are to be devoted to the support of another for life. The condition being such that its performance necessarily takes place after the vesting of title, it falls within all the definitions of a "condition subsequent." Underhill v. Railroad Co., 20 Barb. 459, 460; Livingston v. Gordon, 84 N. Y. 142, 143; Hogeboom v. Hall, 24 Wend. 146. Such a condition may be waived or released by the person entitled to enforce it. Wheeler v. Dunning, 33 Hun, 205; Ger. Real Estate, 116.

It follows that defendants could effectually mortgage the property; and, having done so, plaintiff is entitled to the usual judgment of foreclosure and sale.

Findings and judgment are directed accordingly.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLEN-NAN, and SPRING, JJ.

F. E. Converse, for appellant.
S. N. Sawyer, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of DUNWELL, J., delivered at special term.

---

(39 App. Div. 602.)

STATE NAT. BANK v. WEED.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

EVIDENCE—RES GESTÆ—MEMORANDA—CORROBORATION.
A memorandum of facts, made by a witness at the time of the occurrence of events concerning which he has already testified from independent recollection, and which is no part of the res gestæ, is incompetent evidence of the facts which it recites, and cannot be introduced to corroborate the witness.

Appeal from trial term.

Action by the State National Bank against Smith M. Weed. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

For opinion on former appeal, see 47 N. Y. Supp. 785.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Frank Walling, for appellant.
Howard R. Bayne, for respondent.

PATTERSON, J. This judgment must be reversed for an error in the admission of evidence. The action was originally brought against the maker and indorser of a promissory note for $2,000, dated November 26, 1894. One Reed was the maker, and Weed the indorser. The action was severed, and continued against Weed as the sole defendant. A verdict for the plaintiff was rendered at trial term. The defendant appeals from the judgment entered thereon, and from an order denying a motion for a new trial.

The defense is that Weed indorsed the note for the accommodation of the maker, and to enable Reed, by procuring the note to be discounted, to raise money to be applied to the payment of certain pressing claims against him for rent, and for family supplies and servant's wages; that Reed, instead of thus using the note, delivered

it to one Mason on account of an indebtedness arising upon a contract for work on a tunnel in Virginia; that Mason deposited the note with the plaintiff for collection, or as security for an overdue claim of the plaintiff against Mason. Or, in a few words, the defense is that the paper was diverted, and the plaintiff is not a bona fide holder of it. On the trial the defendant, Weed, showed his original relation to the paper as indorser, the purposes of the indorsement, and the facts of the alleged diversion. Thereupon the plaintiff undertook the burden of showing the circumstances under which it became possessed of the note, and its right to enforce it against Weed. The plaintiff's cashier was the witness called to prove the bank's version of the transaction. He swore, in substance, that Mason was indebted to the bank for a discount in a sum largely exceeding the amount of the note in suit; that it held on December 28, 1894, certain securities collateral to that indebtedness, and among them shares of the capital stock of the Kentucky Building & Loan Association; that those shares were worth par; and that on the day mentioned the bank surrendered them, by agreement, to Mason, and in substitution therefor took the note in suit. On cross-examination of this witness, it was shown that on a former trial of this action he had sworn positively to an entirely different state of facts relating to the consideration given by the bank for this note. He was confronted with his testimony on that trial, and admitted that he had then sworn that the note in suit was given by Mason on an increase from $6,000 to $9,000 of a loan by the bank to Mason, and for which it held Mason's personal note. With this glaring contradiction confronting him, the witness endeavored to explain that he testified on the first trial impulsively and ignorantly,—an excuse which prevailed with the jury. But the plaintiff was permitted to fortify the version given by this witness on the trial now under review by introducing in evidence a memorandum appended to the note Mason made, and gave for his indebtedness to the bank, and which was a renewal of a previously discounted note for $9,000. That memorandum was identified by the cashier alone, and he swore that he made it at the time it bears date. In no aspect of the case was it competent evidence. Mason's renewal note held by the plaintiff is dated November 13, 1894. At the foot of it is a statement, signed by Mason, that certain collateral is pledged with the note, including "twenty shares Kentucky Building & Loan Association,—par value, $2,000." Following that is this memorandum, viz.: "Dec. 28, 1894. It is, was, agreed to allow Mr. Mason to withdraw 20 shares B. & L. stock, and substitute a note of N. E. Reed, payable to ———— Weed, for $2,000. H." The initial is that of the cashier,—the witness spoken of. This memorandum was read in evidence, under objection to its competency, and an exception to the ruling admitting it. It was plainly incompetent as evidence of the facts mentioned in it. The witness had sworn to them from his own knowledge and memory. His written declaration was at best but secondary evidence, to which resort could be had only when he could not remember the facts without its assistance, and it is not part of the res gestæ. Bank v. Madden, 114 N. Y. 280, 21 N. E. 408; Griesheimer v. Tanenbaum, 124 N. Y. 650, 26 N. E. 957; Hicks v. Assur-

ance Co., 13 App. Div. 448, 43 N. Y. Supp. 623. As this memorandum was not competent evidence of what is stated in it, it could not be admitted simply to establish the credibility of the witness. It is nothing more than his own writing, vouched for by no one but himself, and invoked to reinforce his own positive oral testimony. To what results the allowance of such evidence would lead must be apparent to every one.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.