## SPELLMAN v. MUEHLFELD.

· (Supreme Court, Appellate Division, First Department.   February 23, 1900.)

**1. EVIDENCE—ACCOUNT—STATEMENTS—EFFECT.**

Statements, rendered as for goods sold, from a page of a ledger headed, "Consignment Ac.," do not prove, or tend to prove, that the entries on the ledger were correct, or that the goods were sold or consigned.

**2. SAME—RES GESTÆ.**

On the question of whether goods were sold or consigned, statements, rendered as for goods sold, taken from a page of a ledger headed "Consignment Ac.," are not part of the res gestæ, and should be excluded.

**3. SAME—WITNESSES—CORROBORATION.**

A witness cannot corroborate his sworn statements by statements previously written.

Appeal from trial term, New York county.

Action by John H. Spellman, receiver, against Frank Muehlfeld. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John D. Delahunty, for appellant.
· John J. O'Connell, for respondent.

McLAUGHLIN, J. This action was brought to recover the proceeds received by the defendant from the sale of certain pianos alleged to have belonged to the Muehlfeld & Haynes Piano Company. The complaint charged that between the 20th day of August, 1895, and the 10th day of February, 1896, the Muehlfeld & Haynes Piano Company, a domestic corporation, of which the plaintiff since said ·dates has been appointed receiver, delivered to the defendant certain pianos, to be sold by him as its agent; that he sold the pianos, received the proceeds, and neglected and refused to pay over the same, notwithstanding a demand had been made therefor. The answer was a general denial. The defendant had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the plaintiff has appealed.

Upon the trial it appeared that prior to the dissolution of the corporation, and the appointment of the plaintiff as receiver, the defendant was president of the corporation, and had the general supervision of its business. One Regal, a witness for the plaintiff, testified that he was the bookkeeper of the corporation, and as such made the entries upon page 232 of the corporation ledger; that such entries were made under and by the direction of the defendant; that this book was in daily use, and the defendant at different times looked at and examined it, including the account upon that page. The page of the ledger was then offered and received in evidence. It was headed, "F. Muehlfeld, Consignment Ac.," and it showed a balance in favor of the corporation of $1,801.50. This witness also testified that, according to his best recollection, the words "Consignment Ac." were upon that page of the ledger when he first entered the employ of the corporation and took charge of its books, and that the pianos, the proceeds derived from the sale of which are in dispute, were

shipped to a store conducted by the defendant at Matteawan. The defendant, in the testimony given by him, denied that he acted as the agent or representative of the corporation in making the sales, and asserted that he purchased the pianos from the corporation, that they were his property, and that he had a right to sell them and receive the proceeds. In support of his contention he produced a witness by the name of Brunner, who testified that he had the general supervision of the books of the Muehlfeld & Haynes Piano Company from the time of its incorporation until it passed into the hands of the receiver, and that the heading on page 232 of the ledger (the one referred to by the witness Regal) was changed, after the account on that page was opened, and the entries, or some of them, had been made, from "F. Muehlfeld" to "F. Muehlfeld, Consignment Ac."; that this alteration was made by his direction and under his supervision. He was then permitted to testify, against the objection and exception of the plaintiff, that at different times he had made and rendered to the defendant statements from this page, one of which (a monthly statement from June to December, 1895, both inclusive) he then had in his possession, and that in this statement, and the others which he had rendered, no mention was made of any consigned merchandise, and, if there had been any consigned merchandise, it necessarily would have appeared in the statements. This testimony was clearly incompetent, and the objection to its admission should have been sustained. The fact that the witness had rendered these statements did not prove, or tend to prove, that the entries on the page of the ledger referred to were correct, or that the pianos were sold, and not consigned, to the defendant. At most, it was but secondary evidence of what that page of the ledger contained. It was not a part of the res gestæ, and should have been excluded. Bank v. Madden, 114 N. Y. 280, 21 N. E. 408; Griesheimer v. Tanenbaum, 124 N. Y. 650, 26 N. E. 957; Hicks v. Assurance Co., 13 App. Div. 448, 43 N. Y. Supp. 623. A witness cannot establish his credibility, or corroborate his sworn statements, by something that he has before said or done, or by his own written declaration. This is elementary. The reception of this testimony was error, and the presumption is that the defeated party was injured by it. Bank v. Weed, 39 App. Div. 602, 57 N. Y. Supp. 706.

It follows that for the error thus committed the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.