JOHN H. SPELLMAN, as Receiver of THE MUEHLFELD & HAYNES
PIANO COMPANY, Appellant, *v.* FRANK MUEHLFELD, Respondent.
(No. 1.)

*Evidence — secondary evidence of what appears on a ledger account — the credibility
of a witness cannot be established by his previous acts or declarations.*

In an action by the receiver of a corporation against the president thereof to
recover for goods alleged to have been sold by him as agent of the corporation,
a page of the ledger of the corporation headed "F. Muehlfeld (the defendant)
— Consignment %," and showing a balance in favor of the corporation, was
admitted in evidence on behalf of the plaintiff upon the testimony of the book-
keeper of the corporation, who testified that he as such made the entries upon
the page in question by direction of the defendant; that the ledger was in daily
use, and that the defendant at different times had examined it, including the
account upon the page in question; that the words "Consignment Account."
were upon that page when he entered the employ of the corporation, and that
the articles mentioned therein were shipped to a store conducted by the defend-
ant at another place.

The defendant, who denied the alleged agency and contended that the goods in
question were his property, produced a witness who testified that he had gen-
eral supervision of the books of the corporation from the time of its incorpora-
tion until it passed into the hands of the receiver; that the account in question
was changed from "F. Muehlfeld" to "F. Muehlfeld, Consignment Account,"
by his direction and under his supervision; that at different times he rendered
statements to the defendant from this page, in which no mention was made of
any consigned merchandise, and that if there had been any such merchandise,
it would necessarily have appeared in the statements.

*Held*, that the evidence given by the defendant's witness was incompetent;

That the fact that the witness had rendered the statements was but secondary evi-
dence of what the page of the ledger contained and was no part of the *res gestæ*.

A witness cannot establish his credibility or corroborate his testimony by his pre-
vious acts or by his own declarations, either oral or written.

APPEAL by the plaintiff, John H. Spellman, as receiver of The
Muehlfeld & Haynes Piano Company, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of New York on the 15th day of November,
1898, upon the verdict of a jury, and also from an order entered in
said clerk's office on the 26th day of October, 1898, denying the
plaintiff's motion for a new trial made upon the minutes.

*John Delahunty*, for the appellant.

*John J. O'Connell*, for the respondent.

McLAUGHLIN, J.:

This action was brought to recover the proceeds received by the defendant from the sale of certain pianos alleged to have belonged to the Muehlfeld & Haynes Piano Company. The complaint charged that between the 20th day of August, 1895, and the 10th day of February, 1896, the Muehlfeld & Haynes Piano Company, a domestic corporation, of which the plaintiff, since said dates, has been appointed receiver, delivered to the defendant certain pianos to be sold by him as its agent; that he sold the pianos, received the proceeds, and neglected and refused to pay over the same, notwithstanding a demand had been made therefor. The answer was a general denial.

The defendant had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the plaintiff has appealed.

Upon the trial it appeared that, prior to the dissolution of the corporation and the appointment of the plaintiff as receiver, the defendant was president of the corporation, and had the general supervision of its business. One Regal, a witness for the plaintiff, testified that he was the bookkeeper of the corporation, and as such made the entries upon page 232 of the corporation ledger; that such entries were made under and by direction of the defendant; that this book was in daily use, and the defendant, at different times, looked at and examined it, including the account upon that page. The page of the ledger was then offered and received in evidence. It was headed "F. Muehlfeld — Consignment %," and it showed a balance in favor of the corporation of $1,801.50. This witness also testified that, according to his best recollection, the words "Consignment Account" were upon that page of the ledger when he first entered the employ of the corporation and took charge of its books; and that the pianos, the proceeds from the sale of which are in dispute, were shipped to a store conducted by the defendant at Matteawan.

The defendant, in the testimony given by him, denied that he acted as the agent or representative of the corporation in making the sales, and asserted that he purchased the pianos from the corporation; that they were his property, and that he had a right to sell them and receive the proceeds. In support of this contention, he

FIRST DEPARTMENT, FEBRUARY TERM, 1900.    [Vol. 48.

produced a witness by the name of Brunner, who testified that he had the general supervision of the books of the Muehlfeld & Haynes Piano Company from the time of its incorporation until it passed into the hands of the receiver, and that the heading on page 232 of the ledger (the one referred to by the witness Regal) was changed after the account on that page was opened, and the entries, or some of them, had been made from "F. Muehlfeld" to "F. Muehlfeld, Consignment Account;" that this alteration was made by his direction and under his supervision. He was then permitted to testify, against the objection and exception of the plaintiff, that at different times he had made and rendered to the defendant statements from this page, one of which, a monthly statement from June to December, 1895, both inclusive, he then had in his possession; and that in this statement, and the others which he had rendered, no mention was made of any consigned merchandise, and if there had been any consigned merchandise, it necessarily would have appeared in the statements.

This testimony was clearly incompetent, and the objection to its admission should have been sustained. The fact that the witness had rendered these statements did not prove, or tend to prove, that the entries on the page of the ledger referred to were incorrect, or that the pianos were sold and not consigned to the defendant. At most, it was but secondary evidence of what that page of the ledger contained. It was not a part of the *res gestæ* and should have been excluded. (*National Ulster Co. Bank* v. *Madden*, 114 N. Y. 280; *Griesheimer* v. *Tanenbaum*, 124 id. 650; *Hicks* v. *British America Assurance Co.*, 13 App. Div. 446.)

A witness cannot establish his credibility or corroborate his sworn statements by something that he has before said or done, or by his own written declaration. This is elementary. The reception of this testimony was error, and the presumption is that the defeated party was injured by it. (*State National Bank* v. *Weed*, 39 App. Div. 602.)

It follows that for the error thus committed the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.