CHARLES B. ROUSS, Respondent, v. RUSSELL J. McDOWELL, Appellant.

*Action for goods sold ,and delivered — use by a witness of a copy, instead of the original, memorandum of the goods returned — proof necessary to make it competent.*

In an action brought to recover an alleged balance due for merchandise sold and delivered, the defense interposed was that a part of the goods for which the plaintiff sought to recover had been returned, and that the amount due for the goods retained had been paid.

A witness sworn for the plaintiff, who testified that at the time in question he was the receiving clerk for the plaintiff, gave the items of all the goods which he testified were returned by the defendant to the plaintiff.

The defendant objected to his testimony on the ground that the original memorandum of the goods that were returned, called the receiving book, was not

produced, but that a copy thereof was used by the witness on the examination. The objection was overruled and defendant excepted.

The witness testified : "I keep a receiving book which shows all goods received; this memorandum which I have used in testifying is taken from that book; one of the men in my department opened this box under my supervision; I can remember independently of the memorandum that about that time a case of goods was received by plaintiff from defendant by freight, but I cannot remember what the contents were; I say those goods (referring to the goods which he had testified to as having been returned) were received because I find entries to such effect, and that is the only reason I have for saying that those were the goods received." After the witness had so testified, the defendant renewed his objections, which were overruled, and an exception taken.

There was no proof given to show that the original memorandum was destroyed, or that it could not be produced.

*Held*, that the referee erred in not sustaining the objections of the defendant;

That the memorandum was not used to refresh the memory of the witness, but was received and read in evidence to prove the items of goods that were returned;

That if the copy could, under any circumstances, have been properly read in evidence, it was incumbent upon the plaintiff, before that could be done, to show the correctness of the original memorandum from which the copy was made.

APPEAL by the defendant, Russell J. McDowell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 18th day of September, 1894, upon the report of a referee.

*H. S. Haff* and *G. H. Beckwith*, for the appellant.

*L. L. Shedden*, for the respondent.

PUTNAM, J. :

This action was brought to recover an alleged balance due for merchandise sold and delivered by the plaintiff to the defendant. The defense was interposed that a part of the goods for which the plaintiff sought to recover had been returned, and defendant also set up payment of whatever sum was due plaintiff for those retained. On the trial the question chiefly litigated was as to the amount of the articles in fact returned; the defendant offering evidence tending to show that articles embraced in the account of plaintiff of the value of $287.38 had been returned to him, while testimony produced by the plaintiff tended to show that the value of the goods so returned was only $102.33.

George H. Hoer, a witness sworn for the plaintiff, testified that he was at the time in question receiving clerk for the plaintiff, and he gave the items of all the goods which he testified were returned by the defendant to the plaintiff. Defendant, on the direct examination of the witness, objected to his testimony because the original memorandum of the goods that were returned, called the receiving book, was not produced, but a copy thereof was used by the witness on the examination. The objection was overruled and the defendant excepted. The witness testified as follows : " I keep a receiving book which shows all goods received ; this memorandum which I have used in testifying is taken from that book ; one of the men in my department opened this box under my supervision ; I can remember independently of the memorandum that about that time a case of goods was received by plaintiff from defendant by freight, but I cannot remember what the contents were ; I say those goods (referring to the goods he had testified had been returned) were received because I find entries to such effect, and that is the only reason I have for saying that those were the goods received." After the witness had so testified the defendant renewed his objections, which were overruled and an exception taken.

We think that the referee erred in not sustaining the objections of the defendant to the testimony of Hoer. The memorandum was not used to refresh the memory of the witness. It was in fact received and read in evidence to prove the items of goods on plaintiff's account that were returned. There was no proof given that the original memorandum was destroyed or could not be produced. It was clearly error under the circumstances to show the articles returned to plaintiff by a copy of the original memorandum. (See *Peck* v. *Valentine*, 94 N. Y. 569.)

Again, if the said copy could, under any circumstances, have been properly read in evidence, before that could be done it was incumbent on the plaintiff to show the correctness of the original memorandum from which the copy was made. In this case the witness Hoer failed to prove that the receiving book, of which a copy was used by him on the trial, was correctly made. (See *National Ulster Co. Bank* v. *Madden*, 114 N. Y. 280–284.)

In the absence of testimony as to the correctness of the original memoranda there was no competent evidence in the case to sustain

plaintiff's contention as to the goods in fact returned by defendant to plaintiff.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.