THOMAS E. DONLON, Respondent, *v.* JOSEPH ENGLISH, Appellant.

*Carrying on business under a fictitious name — effect of notice thereof on the validity
of a sale — written memorandum of sales — when inadmissible in evidence.*

Upon the trial of an action brought to recover for merchandise sold and delivered,
it appeared that the plaintiff and his brother William, during the period of the
sales of the goods, had carried on business under the firm name of F. J. Mulligan
& Co. Mulligan was a brother-in-law of the plaintiff, but was not a member of
the copartnership and was not interested therein. There was also testimony in
the case showing that the defendant knew that Mulligan was not a member of
the copartnership at the time of the purchases and that the plaintiff and his
brother were the only persons interested therein. At the close of the evidence
the court denied a motion made by the defendant to dismiss the complaint on
the ground that the plaintiff was guilty of violating section 363 of the Penal
Code, which forbids persons transacting any business to use the name, as a
partner, of one not interested with them as a partner.

*Held,* that the question whether the defendant dealt with the firm in reliance on
the apparent fact that Mulligan was a member thereof was properly submitted
to the jury.

The plaintiff gave testimony tending to prove the sales to the defendant during
the period in question; he testified that all the sales were made by himself or his
brother, who, at the time of the trial, was dead, but that he was present at the
sales made by his brother and knew of them to his own knowledge. He was
then shown a bill which contained in detail a list of the sales and the amount of
each. This bill was made up from the firm's order book. The bill was then
offered and received in evidence against defendant's objection that it was
incompetent and irrelevant.

*Held,* that the court erred in the admission of this paper, and that, as it could not
be said that such evidence might not have influenced the jury, a judgment in
favor of the plaintiff entered upon its verdict should be reversed and a new
trial granted.

APPEAL by the defendant, Joseph English, from a judgment of
the County Court of Westchester county in favor of the plaintiff,
entered in the office of the clerk of the county of Westchester on
the 9th day of February, 1895, upon the verdict of a jury rendered
after a trial at the Westchester County Court, and also from an
order entered in the said clerk's office on the 9th day of February,
1895, denying the defendant's motion for a new trial made upon the
minutes.

*Henry G. K. Heath,* for the appellant.

*C. H. & J. A. Young,* for the respondent.

BROWN, P. J.:

This action was brought to recover a balance alleged to be due to the plaintiff for coal sold to defendant between June 1, 1892, and January 17, 1893.

The plaintiff and his brother William, during the period aforesaid, carried on business under the firm name of F. J. Mulligan & Co. Mulligan was a brother-in-law of the plaintiff, but was not a member of the co-partnership, and was not interested therein. At the close of the evidence the court denied a motion made by the defendant to dismiss the complaint on the ground that the plaintiff was guilty of violating the law of the State which forbids persons transacting any business to use the name as a partner of one not interested with them as a partner. (Penal Code, § 363.)

There was testimony in the case that, at the time the coal was purchased, the defendant knew that Mulligan was not a member of the partnership, and that the plaintiff and his brother were the only persons interested therein, and we are of the opinion that the court properly denied the motion to dismiss the complaint on the ground stated.

In *Gay* v. *Seibold* (97 N. Y. 472) it was said that the purpose of the statute was to protect persons giving credit to the fictitious firm on the faith of the fictitious designation, and that it was not needed to protect those who obtained credit from such a firm. That the statute was highly penal, and should be strictly construed. It was accordingly there held that the transaction between the parties to that action was not within the statute, it appearing that all parties knew who the real partners were.

Under the rule of the case cited, the question whether the defendant dealt with the firm in reliance on the apparent fact that Mulligan was a member thereof was properly submitted to the jury.

The plaintiff gave testimony tending to prove the sales of coal to the defendant during the period aforesaid. He testified that all the sales were made by himself or his brother, who, at the time of the trial, was dead, but that he was present at the sales made by his brother and knew of them of his own knowledge. He was then shown a bill which contained in detail a list of the sales and the amount of each, and enumerated thirty-four items thereon as the sales he had made. This bill was not an original memorandum, but

was made up from the firm's order book. The bill was then offered and received in evidence against the defendant's objection that it was incompetent and irrelevant.

We think the court erred in the admission of this paper. The case in respect to this ruling cannot be distinguished in principle from *National Ulster County Bank* v. *Madden* (114 N. Y. 280). That was an action against the defendant as indorser upon eighteen checks. The defense was that the checks were altered in respect to the time of payment after they were indorsed, and the defendant was permitted to read to the jury a memorandum which he testified he had made at the time of the indorsement, showing the dates, amounts and time of payment of each check respectively. This memorandum was held to have been improperly admitted, and a judgment in the defendant's favor was reversed. The opinion cites many cases, and it was said that " the rule which renders such entries admissible rests upon the principle of necessity for the reception of secondary evidence and is not applicable where the witness has a distinct recollection of the essential facts to which they relate."

In the case before us the witness had a distinct recollection of all the sales contained in the bill. The plaintiff contends the evidence was admissible as a detailed statement of the items testified to by the witness. It does not appear to have been so restricted by the court, but was admitted without limitation and would necessarily be regarded by the jury as corroborative of the witness' testimony. In *Howard* v. *McDonough* (77 N. Y. 592), cited by the plaintiff, the court appears to have held that a list of items to which a witness would testify of his own knowledge, but which were so numerous that he could not carry them or the respective values in his mind, might be put in evidence as a detailed statement of the witness' testimony. That case, however, has no application to the present controversy and lays down no other or different rule than *Nat. Ulster County Bank* v. *Madden*, and the cases there cited.

We are unable to say that this paper may not have influenced the verdict of the jury, and the judgment must be reversed and a new trial granted, with costs to abide the event.

DYKMAN and PRATT, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.