of the liens upon it.    This property cost the plaintiff $900.    The tax certificate had a surrender value.    It had 10 months to run. The surrender value was $180; that is to say, the value of the unexpired term of the license was that sum.    Only a few weeks before the foreclosure the plaintiff bought the saloon equipment for the sum of $900, and there is evidence from which it may be inferred that that was about its fair value.    The defendant advanced $100 to the plaintiff, and the property was subject to a lien of $600, and therefore the plaintiff's interest in it was about the sum of $200.    The value of the license—$180—should be added to this sum.    The verdict of the jury was for $425, of which sum $50 was for expenses of the foreclosure proceeding.    Those expenses were allowed by the jury as damages sustained by the plaintiff, and that was properly done, because, under the terms of the chattel mortgage to the Consumers' Brewing Company, it was stipulated that from the proceeds of sale under that mortgage, if one were had, should be deducted the charges incurred in the foreclosure.    The verdict of the jury was for five dollars less than the plaintiff was entitled to, and, the amount fixed by them not being in excess of that to which the plaintiff was entitled, no occasion exists for interfering with the verdict.

The judgment should be affirmed, with costs.    All concur, except VAN BRUNT, P. J., dissenting.

(21 App. Div. 18.)

SHERLOCK v. GERMAN-AMERICAN INS. CO.

(Supreme Court, Appellate Division, Second Department.    October 5, 1897.)

1. EVIDENCE—MEMORANDA.
   Original entries and memoranda, which a witness is able to verify, but independently of which he cannot recollect the facts presented by them, are themselves admissible as evidence, as auxiliary to his testimony.
2. NEW TRIAL—OBJECTIONS TO EVIDENCE.
   Where numerous papers are offered and received in evidence together, and objected to as a whole, without discrimination, and it does not appear that the objecting party has been prejudiced, the fact that some of them were inadmissible constitutes, in the absence of a specific exception, no ground for a new trial.
3. INSURANCE—EVIDENCE OF DAMAGES.
   In an action on a policy of fire insurance, evidence of the plaintiff tending to prove the expenses incurred by him in repairing the injury is competent as to the extent of the damage.
4. SAME—PROOFS OF LOSS.
   Evidence of a universal custom among insurance adjusters as to the method employed in making up proofs of loss on retail stocks of goods, where there are no inventories or books of account, is admissible.
5. SAME—CONSTRUCTION OF POLICY.
   In a fire insurance policy, the term "decorations to walls and ceilings" does not cover the painting of the outside walls of the building.
6. TRIAL—INSTRUCTIONS.
   A request to charge the jury that if, upon conflicting testimony, they find the fact that a party has purposely withheld material evidence which was in his control, they might draw therefrom an inference unfavorable to his claim, is sufficiently complied with by submitting the fact for consideration.

Appeal from trial term, Kings county.

Action by Thomas D. Sherlock against the German-American Insurance Company. From a judgment entered on a verdict, and an order denying a motion for new trial, defendant appeals. Affirmed on conditions.

In May, 1893, the plaintiff and one McGrath, in the firm name of McGrath & Sherlock, commenced the retail liquor business at No. 183 Bedford avenue, Brooklyn. In May, 1894, the defendant, by its policy, insured them against loss or damage by fire, for one year from May 25th, "$2,666.67 on stock of ales, wines, liquors, cigars, and packages containing the same (including empty packages), and other merchandise, hazardous and extrahazardous, and $1,-333.33 on saloon and bar furniture and fixtures of every description, including counters, shades, tables, chairs, ice house, partitions, pictures and their frames (at not exceeding cost), mirrors, ale pumps and connections, glassware, gas fixtures, window shades, and all other tools, implements, utensils, and fixtures used in the business of a retail liquor store"; and it was "understood and agreed that 40 per cent. of the second item of the policy" should cover "decorations to walls and ceilings, and also to metal awning and signs in and on the building" at 183 Bedford avenue. The Hanover Insurance Company and the Caledonia Insurance Company, by policies as of the same date, insured McGrath & Sherlock against loss or damage by fire for the same period, and for like amounts, on like property, at the same place. A loss by fire occurred in September, 1894. The plaintiff, having become the successor of the firm in interest, brought this action on account of such loss.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John F. Clarke, for appellant.
Edward M. Grout, for respondent.

BRADLEY, J. The plaintiff's alleged claim was stubbornly contested, and, upon the evidence, the amount of his loss appeared to be a question of much uncertainty, especially so far as related to the stock of liquors in the building at the time of the fire. The firm of McGrath & Sherlock did not, nor did the plaintiff after he became the sole proprietor of the retail liquor store, keep any books or have any inventory. The quantity of the stock then there was the subject of estimate, aided, so far as might be, by the cash received and put in bank during the time the business had been conducted. The theory upon which the plaintiff, by his evidence, proceeded to make the estimate, was that the bills represented a stated amount paid for the stock during the period, which was 69 weeks; that the sales during that time averaged a certain amount weekly; that one-half of the amount of the proceeds of the sales was profit; and that there remained a stated quantity of the stock after the fire damaged a certain estimated amount. By this method the balance was found, which constituted the extent of the loss and damage to the stock by the fire. This is the manner in which the figures for the preliminary proofs of loss, as well as for the purpose of trial, were obtained on the part of the plaintiff. There was a wide difference between the plaintiff's statement of the loss of stock and that given by the defendant's adjusters, who made examination and a report after the fire. It is useless here to attempt to explain these divergent theories or computations in such a manner as to harmonize both with fact. There were also some circumstances appearing, and inferable from them, which gave to the defendant's counsel the opportunity to argue

with much force adversely to the claim of loss and damage which the plaintiff sought to establish against the defendant. But it was within the functions of the jury to untangle and relieve from intricacies of fact the complications presented by the evidence, and to determine where the truth lay. This, it may be assumed, they did by their verdict. It was for the amount which they determined was the pro rata share of the loss for which the defendant was chargeable. The plaintiff produced bills which he testified represented the aggregate amount of the actual expenditures which he had stated were paid for the stock, furniture, fixtures, and decorations in the store. The bills were offered and received in evidence, and to their reception the defendant's counsel excepted. The number of these bills was large. They are set out in the printed case, of which they occupy over 50 pages, and are said to amount in the aggregate to over $21,000. They appear by the plaintiff's evidence to be the original bills. It is not reasonable to suppose, as he testified, that he could state from memory the amount of the purchases that were represented by the bills.

Prior to the opinion of Mr. Justice Cowen in Merrill v. Railroad Co., 16 Wend. 586, the rule in this state was apparently such as to render evidence of the character of these bills inadmissible, although reference could have been made by a witness to a memorandum to refresh his recollection. If he failed to do that, so as to enable him to testify to the fact thus represented independently of it, his evidence, as well as that of the memorandum, although original and made by him, was not available. The view of the court in the Merrill Case was that those entries or memoranda which are original, and which the witness is able to verify, but cannot independently of them recollect the facts there presented, are admissible as evidence. In that respect the Merrill Case has since been followed, and its doctrine is the rule in this state on the subject. Bank v. Culver, 2 Hill, 531; Halsey v. Sinsebaugh, 15 N. Y. 487; Guy v. Mead, 22 N. Y. 462; Bank v. Madden, 114 N. Y. 280, 21 N. E. 408. The evidence tended to prove that those were the original bills representing the goods purchased and prices paid; and they were brought within the rule of admissibility. The rule is one of necessity, and for that reason it is salutary, although, like that of any other dependent for effect upon the credibility of the testimony of witnesses, it is liable to abuse and to such use as to strengthen the perversion of truth. It is very likely that some few of the bills were not admissible; but they were all offered together, and the defendant's objection was taken to them as a whole without discrimination. The court received them upon the general statement of their character. The defendant's counsel might, if so disposed, have examined them, and interposed specific objections to such of them as to which he may have deemed it advisable to do so. It does not appear that the attention of the court was called to any particular bills, as distinguished from the rest of the lot; and as it is not seen that the defendant was prejudiced, there is, in the absence of a specific exception, no reason for granting a new trial arising from the reception of those bills in evidence. A different rule prevails when legal error is raised by exception to the introduction of evidence. Then the presumption of prejudice arises effectually, un-

less it is seen that the party could not have been prejudiced by it. Our attention is called to cases cited by the defendant's counsel to support his contention for the nonadmissibility of the bills. Those cases do not seem necessarily to have such effect. In Donlon v. English, 89 Hun, 67, 35 N. Y. Supp. 82, the bill of items was not an original memorandum, nor was there any necessity for its introduction in evidence, within the rule before mentioned. In Rouss v. McDowell, 88 Hun, 532, 34 N. Y. Supp. 776, the memorandum offered in evidence was not the original memorandum, nor was it shown to have been correctly made from the original, or that the latter could not be produced. In Peck v. Valentine, 94 N. Y. 569, the original memorandum, which had been made by a third person (Leggett), and delivered to one of the parties, was not produced, but such party sought to introduce what he testified was a copy of the memorandum. The third person did not undertake to testify to the contents of the memorandum. In holding the copy inadmissible, the court, by Judge Andrews, said that "the original memorandum, if it had been produced, could have been used by Leggett to refresh his recollection; or if he had forgotten the facts stated, and could not, on seeing the memorandum, recall them, yet if he had been able to state that it was a true statement of the transactions, known to him at the time, it could have been read in evidence, in connection with and as auxiliary to his testimony." These and the other cases cited, arising in this state, recognize the rule as above stated; and we think the bills for goods purchased by the plaintiff and his firm in the business came within the meaning of original memoranda, and that, in view of his relation to them, the plaintiff was able to verify the bills by his evidence, so as to bring them within the rule of admissibility, as auxiliary to his testimony.

The plaintiff gave evidence tending to prove the expenses incurred by him in repairing the injury done by the fire to the bar, furniture, fixtures, decorations, etc., which were the subject of the insurance. The exception to the reception of the evidence of this character was not well taken. The evidence was limited to reparation, and included nothing beyond restoration. While the evidence of the expense was not necessarily controlling as to the extent of the damage to those things, it was competent upon the question for the consideration of of the jury. It was competent for the plaintiff to prove by evidence to the effect that there was a prevailing custom among insurance adjusters, universally adopted, as to the method employed in making up proofs of loss of retail stocks of goods where there is no inventory or books of account to enable them to be made up from. In fact, the method, which the evidence tended to prove had the support of the universal custom, of arriving at the sum of the loss, seems to be the only practicable way open to make estimate of the loss. When the usage has become universal, the contract of insurance may be deemed to have been made in contemplation that it might be available when a case came within its application. Walls v. Bailey, 49 N. Y. 464. The fact that such custom could be applicable to only a portion of the loss does not go to the question of the admissibility of the evidence.

As independent proof, the agreement of adjustment made between the plaintiff and the Caledonian and Hanover Companies was incompetent for any purpose. But the defendant's counsel had proved by the witness (adjuster) that he had received a draft referred to, for $2,-600, drawn by the Caledonian Company, payable to the order of the plaintiff. The plaintiff's counsel, on cross-examination of the witness, having shown that it was paid pursuant to an agreement, offered the agreement in evidence. By this it appeared that those two companies had so adjusted the loss at such amount that each undertook to pay $2,600, or one-third of it. This explained the purpose of the draft which the defendant had proved was drawn to the plaintiff; and, while it had no particular relevancy, I think there was no error in adding the explanation.

The plaintiff offered evidence, which was received, to the effect that he had paid $150 for painting, after the fire, the outside of the building, the first floor and the cellar of which he occupied as the retail liquor store or saloon. The exception to the reception of this evidence seems to have been well taken, because the damage by the fire to the outside painting of the building did not come within the damages covered by the policy. It did not, according to common acceptance, come within the meaning of "decorations to walls and ceilings." Those terms import internal improvements of such character.

The court was requested to charge the jury "that if the plaintiff had it in his power to produce evidence of the amount of stock which he had in the wine closet previous to the fire, and he purposely neglects and refuses to produce such evidence at the trial, the jury may consider such refusal to produce the evidence, and may infer that the said evidence would be unfavorable to his claim." The court, in response, said: "I charge this: that they may take that into consideration in determining the question of fact that I have submitted to them." Exception was taken to the refusal to charge fully as requested. While, upon such a state of facts, the jury may give effect unfavorably to the party who has omitted to furnish evidence available to him, the question is wholly one for the jury; and, in submitting the fact to them for their consideration, the court did all that it could be required to do. This is as far as it has been usual for the court to go in the instruction to the jury in that respect. The effect mainly of such omission is in its bearing upon the credibility of the evidence introduced by such party, and upon the inferences derivable from it. People v. Dyle, 21 N. Y. 578; Bleecker v. Johnson, 69 N. Y. 309, reversing 51 How. Prac. 380; People v. Hovey, 92 N. Y. 554, 559; Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720; Milliman v. Railway Co., 3 App. Div. 109, 111, 39 N. Y. Supp. 274.

No further question requires the expression of consideration. The judgment and order should be reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulates to deduct from the recovery of damages $150. In that event the judgment should be so modified, and, as modified, affirmed. All concur.