ARLENE SCHEPPS, Petitioner, v KENNETH W. GALLAGHER, Respondent.

Civil Court of the City of New York, Kings County, October 14, 1988

### APPEARANCES OF COUNSEL

*Richard Gertler* for petitioner. *Deborah Lynn Davis* for respondent.

### OPINION OF THE COURT

BERNARD FUCHS, J.

Petitioner seeks to recover possession for her own use of an apartment she sublet to respondent in September 1984. After trial, the court finds the facts herein stated.

The written sublease expired September 14, 1985 and respondent continued in possession as a month-to-month tenant. Petitioner served respondent with a 30-day notice of termination in December 1987 to take effect January 31, 1988. Re-

spondent did not vacate the apartment, however, and petitioner served her petition and notice of petition (according to respondent's brief) on or about February 17, 1988. Jurisdiction is stipulated.

Rent has been paid for all months both before and since the January 31, 1988 termination date. There is evidence that petitioner regularly received respondent's rent about the 15th day of the month but no evidence of the exact date when the February rent was paid. Respondent's testimony did not touch on that subject.

At the close of the evidence respondent moved to dismiss the petition on two grounds. First, that acceptance of the February rent has reinstated the tenancy terminated by the 30-day notice and there is therefore no holdover. Second, that petitioner has failed to prove, as alleged in the petition, that the apartment is in a multiple dwelling registered as required by law. (See, Uniform Rules for Trial Cts, 22 NYCRR 208.42 [g].)

A landlord who accepts rent for a period after the expiration of the lease revives the leases. (2 Rasch, New York Landlord & Tenant—Summary Proceedings § 1019 [2d ed].) Under RPAPL 711 (1), however, "[a]cceptance of rent after commencement of the special proceeding upon this ground [where a tenant continues in possession after the expiration of his term] shall not terminate such proceeding nor effect any award of possession to the landlord".

In the present case, rent was paid for periods after the January 31, 1988 expiration of respondent's lease. His tenancy was, therefore, revived and the petition must be dismissed unless payment was made after this proceeding commenced.

Petitioner's testimony that rent was regularly paid about the 15th day of the month is consistent with a payment on or after February 17, 1988 and there is no other evidence on that point. Indeed respondent's failure to testify to the date of payment strongly suggests that the inference should be drawn against him. (See, Kane v Rochester Ry. Co., 74 App Div 575 [4th Dept 1902]; Marks v Thompson, 1 NYS2d 215 [Rochester City Ct 1937].)

If the burden of proving the payment date rests on petitioner, respondent's motion may succeed. If it rests on respondent, the court cannot conclude on this record that payment was made before the commencement of this proceeding.

Petitioner has alleged and proven all the facts necessary to

recover possession without reference to the February rent. It is respondent's pleading which alleges the supposedly fatal payment and respondent's effort to defeat the petition rests on proof of his allegation. *(See,* CPLR 3018 [b]; Richardson, Evidence §§ 99, 101 [Prince 10th ed].) His failure to sustain the burden of that proof must, therefore, defeat this branch of respondent's motion.

The second branch of respondent's motion stands no better. Petitioner is herself a tenant, not the owner of the building and, for that reason, not required to register it as a multiple dwelling. She is, therefore, excused from the requirement that a landlord plead and prove the registration.

*Eng v Roth* (NYLJ, Feb. 8, 1982, at 6, col 1 [App Term, 1st Dept]) was a holdover proceeding brought by the tenant owners of a cooperative apartment against a person occupying it. The court held that the petitioners were not in legal control of the building, were not required to register it and that "allegations as to the multiple dwelling status of the entire building otherwise required * * * under the Civil Court Rules (22 NYCRR 2900.21 [f] [now Uniform Rules for Trial Cts, 22 NYCRR 208.42 (g)]) are not necessary to the petition". *(Supra; see also, Adair v Teich,* NYLJ, Nov. 10, 1980, at 7, col 4 [App Term, 1st Dept].)

In the present case the petition did allege registration of the building as a multiple dwelling but the allegation is unproven. The variance, however, does not require dismissal of the petition as respondent argues. Under the authorities cited, the allegation of registration is surplusage. Failure to prove it is, therefore, harmless.

Neither *McCarthy v Troberg* (275 App Div 139 [1st Dept 1949]) nor the other cases respondent cites are to the contrary. The lower court judgment in *McCarthy* was unsupported by the evidence (although agreeable with the pleading). The other cases involved failures to prove either essential allegations in the party's pleading or otherwise necessary elements of the claim.

Judgment of possession for petitioner.